(85 South. 500)

BOWLING v. STATE. (5 Div. 755.)

(Supreme Court of Alabama. May 13, 1920. Rehearing Denied June 30, 1920.)

1. **Appeal and error** ☞1009(4)—**Finding in equity suit not disturbed, unless against great weight of evidence.**

When equity cause is tried without a jury, and the evidence is ore tenus, or partly so, the conclusion of the court on the facts is like the verdict of a jury, and will not be disturbed by the Supreme Court, unless plainly contrary to the great weight of the evidence.

2. **Intoxicating liquors** ☞252 — **Car used in transportation must be sold subject to lien of mortgagee.**

Where the claimant of an automobile sought to be sold by the state for its use in the transportation of prohibited liquors shows, not only that he holds valid subsisting mortgage on the car, but that he had no notice of its unlawful use, the car must be sold by the sheriff subject to claimant's lien.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Bill by the State, on the relation of its Solicitor, to condemn and sell one Hudson Super-Six automobile, alleged to have been

used in transporting prohibited liquors by one M. C. Blackwell, deceased, wherein H. G. Bowling claimed the car. From a decree denying his claim and confiscating the car, Bowling appeals. Reversed, rendered, and remanded.

The claimant introduced a note and mortgage for the sum of $550, executed to him by M. C. Blackwell, with the car in suit as security mentioned in the mortgage. He showed a payment thereon of $150, and proved the execution of the note and mortgage by the subscribing witnesses thereto, and he testified that he loaned the money to Mr. Blackwell in good faith, never knew of Blackwell being engaged in the liquor business, and had no notice or knowledge of the use of the car as a carrier of liquor, and that he knew nothing of the seizure of the car or the condemnation proceedings until just a day or two prior to filing his petition.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The court was in error in denying claimant relief. 203 Ala. 90, 82 South. 104.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no decree, and the appeal should be dismissed. 203 Ala. 153, 82 South. 183; State v. Crosswhite, 203 Ala. 586, 84 South. 813; One Oakland Automobile v. State, 203 Ala. 600, 84 South. 839.

ANDERSON, C. J. [1] We are, of course, aware of the well-established rule that, when a cause is tried by the court without a jury and the evidence is ore tenus, or partly so, the trial court has the advantage over this court of seeing and hearing the witnesses, and its conclusion on facts is like unto the verdict of a jury, and will not be disturbed by this court, unless plainly contrary to the great weight of the evidence, and that said rule applies to equity as well as cases at law. The evidence in the present case, however, fully supported the petitioner's mortgage, and was not materially controverted nor contradicted directly or inferentially. The petitioner not only proved the existence of a valid subsisting mortgage, but met the statutory requirement of negativing notice or knowledge on his part of the unlawful use of the automobile. Not only was the conclusion of the trial court contrary to the evidence, but the petitioner would have been entitled to the general affirmative charge with the hypothesis, had this been a jury case.

[2] The trial court erred in disallowing the petitioner's claim, and the decree is reversed, and one is here rendered, granting the petitioner relief, and the case is remanded, in order that the sale of the automobile shall be made by the sheriff, so as to subject the interest of the offending party in the same, and subject to the lien of the appellant. State v. Crosswhite, 203 Ala. 586, 84 South. 813.

Reversed, rendered, and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.