(85 South. 475)

**BRISCOE MOTOR CAR CO. v. STATE.**
**(5 Div. 753.)**

(Supreme Court of Alabama. May 13, 1920.)

**I. Intoxicating liquors ☞246—Vehicles are not forfeited where owner not party to unlawful use.**

Act Jan. 25, 1919 (Acts 1919, p. 6), providing for the condemnation of vehicles used in the unlawful transportation of intoxicating liquors, does not contemplate the condemnation of property of those who did not aid or assist in the unlawful transportation, and who were not charged with notice or knowledge that their property was to be so used.

**2. Intoxicating liquors ☞251—Evidence held to show automobile used to transport liquor without consent of owner.**

In proceedings under Act Jan. 25, 1919 (Acts 1919, p. 6), to condemn an automobile used for the unlawful transportation of intoxicating liquors, evidence *held* to show that the car was taken and used for the unlawful purpose without claimant's knowledge or consent, and so condemnation should not be decreed; this being so notwithstanding claimant incurred expense in defending the taker and failed to take steps to prosecute.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

The State of Alabama, on the relation of its solicitor, filed a bill to condemn and confiscate a Briscoe Motor Car, found in the possession of one J. H. Reeves, and alleged to have been used in transporting prohibited liquor. The Briscoe Motor Car Company intervened and filed claim to the car, and from a decree condemning the car it appeals. Reversed and rendered.

Thomas A. Curry, of Clanton, for appellant.

Under the evidence in this case, the decree was erroneous. State v. Hughes, 203 Ala. 90, 82 South. 104; Raiford v. State, 59 Ala. 106.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The claim was not sufficient. State v. One Lexington Automobile, 203 Ala. 506, 84 South. 297; State v. Crosswhite, 203 Ala. 586, 84 South. 813; 203 Ala. 153, 82 South. 183. On these authorities, the case should be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 203 Ala. 579.

McCLELLAN, J. A Briscoe automobile, claimed by appellant, was condemned as contraband under the provisions of the act "to further suppress the evils of intemperance," approved January 25, 1919 (Gen. Acts, p. 6 et seq.), and its sale ordered. The claimant appeals. The automobile was seized by the sheriff of Chilton county while being used by J. H. Reeves and another to transport a large quantity of prohibited liquors through that county. The appellant, claimant, asserted its unqualified ownership of the car, and that the use of the car on this occasion was an wholly· unauthorized appropriation of the car. The testimony was taken before the register, the court considering the cause upon the written evidence thus taken,.

[1, 2] The evidence established appellant's ownership of the car. The evidence was also conclusive to these effects: That neither Reeves nor his companion was an agent or employé of the appellant, and that Reeves took the new car, just received, from in front of appellant's place of business in Montgomery, without the consent, notice, or knowledge of the owner of the car or of any agent or representative of the owner. The positive evidence of Beall and Finney, the former general manager and the latter a salesman of the appellant, is to the effect that they did not know or have any knowledge of Reeves' or his companion's unlawful purpose to use the car in the transportation of prohibited liquors, and did not authorize or sanction such appropriation of the car. Reeves testified that he took the car on his own unaided initiative and without any authority whatsoever. These features of the testimony of the named witnesses were uncontradicted; and, unless its credibility was destroyed by other evidence, submitted by the state, forbade the condemnation of this car under the act cited; for it has been decided in State v. Hughes, 82 South. 104,[1] and in Maples v. State, 82 South. 183,[2] that the act does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transporting of liquors, or who are not chargeable with notice or knowledge that their property is to be used for such unlawful purpose. The doctrine of the Hughes Case has been followed in State ex rel. v. One Lexington Automobile, 84 South. 297,[3] and State v. Crosswhite, 84 South. 813.[4] We do not find that the positive evidence indicated has been so far reflected upon by evidence introduced by the state as to neutralize its effect to exonerate this car from condemnation as contraband. Indeed, the according of an effect to the state's evidence to definitely contradict features of the testimony of Beall and Finney would not justify the disbelief of their positive evidence of a wholly un-

authorized and tortious appropriation of the car by Reeves. It cannot be concluded that the appellant or its agents were derelict in their duty between the time the car was missed from their place of business in Montgomery and its seizure by the sheriff, on the same date, in Chilton county. The interest of appellant's agents, and the incurring of expense by the appellant, in the defense of Reeves, for this violation of the prohibition laws, and their failure to take any steps to prosecute Reeves for taking the car on the occasion in question, are not necessarily inconsistent with the entire innocence of the appellant and of its agents in respect of the use of the car for the unlawful enterprise upon which Reeves embarked. A careful consideration of the whole evidence requires the conclusion that the car was not due to be condemned; and that the order of condemnation and sale was laid in error. It is reversed. A judgment will be here rendered, directing the sheriff of Chilton county to deliver the car described in the pleadings to the appellant at Clanton.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.