(86 South. 21)

## ONE PACKARD AUTOMOBILE (DENEGRE CAR & TRUCK CO. et al., Claimants) v. STATE. (7 Div. 71.)

(Supreme Court of Alabama. June 30, 1920.)

**1. Intoxicating liquors ⬌253—One not filing claim for seized property cannot appeal.**

Under Acts 1919, p. 13, § 13, a party claiming an automobile seized as contraband, as used in the transportation of prohibited liquors, probably need not pray for or obtain leave of the court to file claim if the right to file it is exercised within the time allowed by the court, but when such time has expired, permission of the court to propound the claim is necessary and one who did not file claim within the time allowed, and was not permitted subsequently to file claim by the court, did not become a party, and cannot appeal.

**2. Intoxicating liquors ⬌251—Right of claimant of seized automobile not subject to condemnation under evidence.**

Where claimant under Acts 1919, p. 13, § 13, of automobile seized in the transportation of prohibited liquors showed that it had sold the car by conditional sale contract, reserving title, before enactment of the statute, and the driver at the time of the seizure testified that it was first used that time for transporting liquor, in the absence of evidence of facts calculated to show notice to or knowledge of claimant, or facts calculated to excite suspicion, claimants' right was not subject to condemnation.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Bill by the State of Alabama for the condemnation of one Packard Automobile with claim by the Denegre Car & Truck Company and one Whitman. From a decree of

———

condemnation claimants appeal. Reversed and remanded.

The bill shows that on December 13, 1919, the car in question was seized by the sheriff, and that at the time it was seized it contained certain prohibited liquors, and that the car and the liquors were in the possession of Willie Moore and Ernest Williams. It appeared from the evidence that on November 9, 1918, this car was sold by the Southern Garage Company, the name of which was subsequently changed to the Denegre Car & Truck Company, to one Henry Whitman. The order of the court provided that all claims must be filed on or before January 19, 1920. The Denegre Car & Truck Company, on January 15, 1920, filed their petition to be allowed to intervene and interpose claim to the car under their conditional sales contract with Whitman, alleging that the sum of $503 was still due. On January 25, 1920, Whitman also filed a petition for intervention, but his petition was denied, on the ground that it was not filed in time.

The other facts sufficiently appear from the opinion of the court.

Nenian L. Steele, of Birmingham, for appellants.

The right to intervene and to assert a bona fide claim is given by statute and cannot be cut off until order of condemnation is entered. Acts 1919, p. 13. Innocent owners of property are protected by the statutes, and they are not required to abandon the usual methods of conducting business, for fear that an employee or person intrusted with the vehicle might violate the law. 203 Ala. 153, 82 South. 183; 203 Ala. 90, 82 South. 104; Gattina v. State, 203 Ala. 517, 84 South. 760.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Whitman is not a party to this appeal, and his only remedy is by mandamus. 157 Ala. 358, 47 South. 286, 131 Am. St. Rep. 62; 180 Ala. 64, 60 South. 167; 194 Ala. 652, 69 South. 588. The court properly condemned the car. 203 Ala. 506, 84 South. 297; State v. Crosswhite, 203 Ala. 586, 84 South. 813.

BROWN, J. This is a bill filed under the statute to condemn as a contraband one Packard automobile, seized by the sheriff of Shelby county on the 13th day of December, 1919, while it was being used for the transportation of prohibited liquors. Acts 1919, p. 13, § 13.

Upon the filing of the bill the court made an order, directing that notice of the seizure be given by publication in a newspaper published in the county to all persons claiming the automobile, and giving persons interested 10 days after the perfection of publication to propound their claims; and within the time allowed the appellant Denegre Car & Truck Company, after first obtaining the permission of the court so to do, interposed its claim to the automobile under a conditional sale contract entered into between the Southern Garage Company and one Henry Whitman. After the time had elapsed for the filing of claims, on the day of trial, Whitman presented his petition for leave of the court to propound a claim to the automobile, claiming under purchase from the Garage Company. The court, on objection being made by the state, denied the prayer of Whitman, and declined to allow him to file a claim. Notwithstanding this he appeals and assigns error.

The statute provides:

"The judge presiding in said circuit court [wherein the bill is filed], or any division thereof, may superintend and make all proper orders and orders of publication of notice to be published for all parties claiming the said vehicle to come in and assert their right thereto. And the said court shall have authority to frame all orders or procedure so as to regulate the proceedings that persons may have an opportunity to come in and propound their claim to the vehicles and conveyances sought to be condemned." Acts 1919, p. 13, § 13.

[1] The manifest purpose of the quoted provision is to grant to all persons who have a bona fide claim to property the right to propound their claim to the property, and we doubt if it is necessary for the party to pray for and obtain leave of the court to file such claim, if the right to file it is exercised within the time allowed by the order of the court, but when that time has expired permission of the court to propound the claim is necessary. One in default comes in as a matter of grace and not of right. Whitman did not become a party to the cause, and hence cannot appeal or assign errors.

After the state had made a prima facie case by showing that the car when seized was being used by the occupants thereof—one Moore, who was the driver, and Pope, who was the owner of the liquor—for the illegal transportation of such liquor, the claimant proved without dispute that the car was sold to Henry Whitman by the Southern Garage Company (the Denegre Car & Truck Company being the same corporation, the name having been changed subsequent to such sale and purchase) on the 9th of November, 1918, some months before the enactment of the statute under which this proceeding is prosecuted; and that the Garage Company then and there took from said Whitman a contract of conditional sale, claimant reserving the title in the automobile, which contract was duly recorded in the probate office of Jefferson county on the 27th day of November, 1918. It was further shown that there was $502.93 due and unpaid on this contract.

Moore, who was driving the car at the time of its seizure, testified that he had been driving the car under contract with Whitman ever since Whitman first purchased it; that the first and only time he had used the car for transporting liquor was the occasion on which it was seized, and that this was his first and only offense; and, further, that no one connected with the claimant, nor Whitman, had any knowledge or notice of his act in using the car for that purpose on the occasion in question, and that the car was seized immediately after the liquor was placed in it.

[2] On this evidence, if believed, on the principles stated in Bowling v. State, present term, 85 South. 500,[1] in the absence of countervailing evidence showing notice or knowledge on the part of some agent of the claimant, or facts calculated to excite suspicion and put a reasonable person on inquiry, the claimant's right to the car was not subject to condemnation.

However, we deem it proper to say that the decree was justified by the holding in State v. One Lexington Automobile, present term, 84 South. 297,[2] and State v. Crosswhite, present term, 203 Ala. 586, 84 South. 813, which were modified by Bowling v. State, supra.

The decree of the court below will therefore be reversed, and the cause remanded, that the issue may be recast to conform to the ruling in the case of Bowling v. State, supra.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., not sitting.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 405.  [2] 203 Ala. 506.