(87 South. 856)

**BYLES v. STATE ex rel. PERRY.**
(6 Div. 169.)

(Supreme Court of Alabama. Feb. 3, 1921.)

**1. Appeal and error ⚌1008(1) — Finding of fact not disturbed unless palpably and plainly wrong.**

A judgment of the trial court on questions of fact, where the witnesses testified orally, will be given great weight, and will not be disturbed unless the conclusion reached is palpably and plainly wrong.

**2. Intoxicating liquors ⚌251—Evidence held not to sustain judgment condemning automobile as contraband.**

In a proceeding by the state to condemn as contraband an automobile seized by officers as having been used for illegal transportation of liquors, under Acts 1919, p. 13, § 13, in which the owner filed a claim, evidence *held* not to sustain the judgment of the trial court that the automobile was used in the unlawful transporting of the liquors with knowledge of or notice to the owner.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by the State of Alabama, on the relation of Ben G. Perry, one of the solicitors, to condemn a Hanson automobile, because used in the transportation of prohibited liquors. Harry Byles filed claim thereto, and from a decree condemning the car he appealed. Reversed and rendered.

Proceedings by the state to have declared forfeited and condemned for sale one five-passenger Hanson automobile, the property of appellant, Harry Byles, upon the theory that said automobile was used for illegal transportation of liquors in violation of the prohibition laws of this state.

The defendant contended in his answer that any prohibited liquors that might have been in his automobile at the time of the seizure were there without his knowledge, consent, or procurement, and that he was without interest or concern therein, and that the presence of such liquors in the automobile could not have been anticipated, avoided, or prohibited by the exercise of reasonable diligence. From the judgment of condemnation the defendant prosecutes this appeal.

One witness testified for the state, the police officer of the city of Bessemer, to the effect that he saw the defendant's car when it stopped in front of the café in Bessemer about 11 o'clock Sunday night, during the month of August. The defendant and his companion (afterwards established as one Jones, who testified in the cause) sat on the front seat. The defendant was not under the influence of liquor. Witness testified there were lights around where the car was parked; that he went to the car and found in the bottom of the car, between the two seats where the footrest is, a quart bottle containing between a half pint and a pint of corn whisky; that it was not covered, but was smeared with mud. There was also in the bottom of the car a pistol and a man's hat, which were practically hidden by the mud on them.

The defendant offered the testimony of Charlie Williams to the effect that he saw the bottle, the pistol, and the hat in the mayor's court the next morning, and testified as to the muddy condition of the articles. Jones, who was with defendant that night, also testified that, according to previous arrangement, the defendant came by the house where he was calling on a young lady at Lipscomb to bring him to town; that he got into the front seat with the defendant, who was not drinking, and came to Bessemer, getting out at the café together; that he had no knowledge of any whisky in the car, and the first time he had such notice was when the officer came into the café and informed them. The defendant testified he had been to see a friend by the name of Pierce, reaching his house about 12 o'clock on that day and leaving there that night, and that he had had nothing to drink and no liquor in his car. Pierce was also a mechanic and had helped him with some work on his car. Defendant had promised to call for Jones on his return to Bessemer, and while on the way he saw Paul Vanderburg, who was very drunk, could hardly travel, but would fall down in the mud, falling first on one side and then on the other; that he stopped his car and told Vanderburg to get into the automobile, that he would take him home; that he opened the door of the car and Vanderburg got into the back seat. He then carried him to his home, and upon reaching the house Vanderburg opened the door himself and got out or fell out, and witness told him good night. He then went by for Jones and stopped his car at the café; no one having been in the car from the time he put Vanderburg out and when he got Jones. He further testified that he did not know there was whisky in the car until the police officer came in the café after him; that he did not see Vanderburg with any whisky on his person, nor did he say anything about having whisky with him; and that he did not know of the presence of the pistol, hat, and bottle covered with mud until the officer showed them to him, and that none of these articles belonged to him.

Pierce testified in behalf of the defendant, corroborating defendant in respect to his coming to his house and spending the day, leaving there that night, and that he saw no whisky about him or in the car. Vanderburg also testified to the effect that he was drunk that night; that he knew the defendant, and had known him for a long time; that he remembered being carried home by some one, but did not know who it was, and, in fact, knew nothing about it until next morning, when he came to the mayor's office and saw the bottle and pistol, which were his, but he did not see the hat; that he did not know where he had the bottle or pistol when he got into the car, nor did he know how he got into the house after leaving the car; that he bought the liquor while on the way to Raymond from a negro, and carried the bottle and pistol in his hip pockets. This was subtantially all the evidence.

Goodwyn & Ross, of Bessemer, for appellant.

The original answer averred every fact necessary to constitute a valid defense. 204 Ala. 435, 86 South. 21; 204 Ala. 405, 85 South. 500. The good character of the claimant was proper evidence. 126 Ala. 369, 28 South. 582; 63 Ala. 173; 40 Ala. 698; 18 Ala. 720. The evidence does not disclose a violation of section 13 of the "bone dry law." 203 Ala. 90, 82 South. 104; 203 Ala. 153, 82 South. 183; 204 Ala. 405, 85 South. 500; 204 Ala. 435, 86 South. 21.

J. Q. Smith, Atty. Gen., for appellee. No brief came to the Reporter.

GARDNER, J. This is a bill by the state to condemn as a contraband one Hanson automobile seized by an officer of the law as having been used for the illegal transportation of prohibited liquors. Acts 1919, p. 13, § 13.

The statement of the case will present a summary of substantially all the evidence offered upon the trial of the cause, and it is not our purpose to enter into a detailed discussion thereof.

The finding by the officer of the quart bottle containing a small quantity of whisky is not controverted, but defendant insists that its presence there was without his knowledge, agency, or consent, and, further, that its presence could not have been anticipated by the exercise of reasonable diligence. The bottle was found with the pistol and hat, all of which were covered with mud, and it is without dispute that none of these articles belonged to the defendant. The only way he could account for their presence was that on his return from Raymond he had discovered Vanderburg, whom he had known for a long time, by the roadside, in such a drunken condition as scarcely to be able to travel, being constantly up and down in the road, and recognizing him he stopped his car and took him in; Vanderburg getting on the back seat. When they reached Vanderburg's residence he was able to get out and go into the house alone. Defendant then went by for a friend who came to Bessemer with him, riding on the front seat with him. Neither of them knew of the presence of the liquor, the pistol, or hat lying in the bottom of the car near the footrest. They parked the car in front of the café in Bessemer, where there were lights, and knew nothing about these articles being in the car until notified by the police officer, who testified in the cause. The defendant stated that he saw no whisky on the person of Vanderburg, nor did the latter tell him he had any; as, indeed, Vanderburg was so drunk he said very little in an intelligent manner.

[1, 2] The rule is well established concerning the weight which will be given to the judgment of the trial court upon questions of fact when the witnesses testify orally, as in this case; and the holding of the trial court will not be disturbed unless the conclusion reached is palpably and plainly wrong. South. Ry. Co. v. Grady, 192 Ala. 515, 68 South. 346. But in the instant case the evidence is without material contradiction, either directly or inferentially. Bowling v. State, 204 Ala. 405, 85 South. 500.

The testimony of the witnesses for the defendant bore upon the substantial merits of the case, and corroborated defendant's theory; and the very facts and circumstances surrounding the finding of the whisky with the mud-covered bottle and pistol and hat tend strongly to this corroboration, and all indications point to the truthfulness of defendant's story. Therefore, if the defendant is to be believed, he was but following the biblical example, acting the part of the Good Samaritan in taking up an acquaintance who had fallen by the wayside and carrying him to his home, without knowledge or notice of any suspicious circumstances to place him on notice that he was violating any statute of the state by transporting any prohibited liquors. Under such circumstances there is no rule of law established in this state which would condemn the kindly deed and declare contraband the car because used in its execution. If the defendant's theory be correct, and is to be believed, no judgment of condemnation should be entered. State v. Hughes, 203 Ala. 90, 82 South. 104; Bowling v. State, supra; One Packard Automobile v. State, 86 South. 21;[1] One Five-Passenger Ford Automobile v. State, 203 Ala. 517, 84 South. 760; Maples v. State, 203 Ala. 153, 82 South. 183; City of Jackson v. Gordon, 119 Miss. 325, 80 South. 785.

The evidence in this case has been examined with painstaking care. It bears the ear-

[1] 204 Ala. 435.

marks of truth and candor, and all the circumstances in the case point to like effect. We have reached the conclusion that the judgment of condemnation was plainly wrong and should be set aside.

It therefore results that the judgment of the court below will be reversed, and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.