(88 South. 437)

## GLOVER v. STATE.   (6 Div. 93.)

(Supreme Court of Alabama. April 7, 1921.)

**1. Intoxicating liquors** &infin;251—Owner to prevent condemnation of automobile must allege that he could not by reasonable diligence have obtained knowledge of its illegal use.

In state's action to condemn automobile used in transportation of prohibited liquor by person other than owner, owner, interposing claim thereto, was required to allege that he could not, by reasonable diligence, have obtained knowledge or notice of the illegal use of the car.

**2. Pleading** &infin;34(4)—Construed most strongly against pleader.

A pleading is construed most strongly against the pleader.

**3. Witnesses** &infin;268(1)—Cross-examination of witness, who claimed to be a farmer, as to his crop, held proper.

Cross-examination of a witness, who testified on direct examination that he was a farmer, as to how much of a crop he had planted during the year, held proper.

**4. Intoxicating liquors** &infin;251—Evidence as to still operated by person shown to be engaged with owner of automobile in liquor traffic admissible on issue as to owner's knowledge of illegal use of automobile.

In proceedings to condemn automobile used in transportation of liquor by person other than owner, in which owner interposed a claim thereto, involving issue as to whether owner had knowledge of its illegal use, where there was evidence showing that owner, driver of car at the time of its seizure, and owner's uncle, at whose home owner and driver slept during the night in which the car was used in transporting liquor, were jointly engaged in the illegal traffic in liquor, admission of testimony that a still was found near the uncle's place, and of receipt containing uncle's name found at the still, held proper.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by the State of Alabama, on the relation of its prosecuting attorney, to condemn an automobile because used in transporting prohibited liquors, with claim by Luard Glover. From a judgment of condemnation the claimant appeals. Affirmed.

Lacy, Lacy & Shepherd, of Jasper, for appellant.

The court erred in sustaining demurrers to claimant's petition, and by requiring claimant to add the words: "He could not by reason-

---

able diligence have obtained knowledge or notice thereof." 203 Ala. 90, 82 South. 104; 37 Ala. 242. The court erred in permitting it to be shown that a still was found near McGraw's house after the seizure of the automobile. 78 Ala. 281; 10 Ala. App. 168, 64 South. 756; 10 Ala. App. 170, 64 South. 756. As to the other assignments of error relative to evidence, appellant relies upon the case of State v. George W. Crosswhite, 203 Ala. 586, 84 South. 813.

J. Q. Smith, Atty. Gen., for the State.
No brief came to the Reporter.

GARDNER, J. [1] A Ford automobile, found in possession of one Short, and containing prohibited liquors, was seized by an officer, and condemnation proceedings instituted by the state's solicitor. Appellant interposed his claim as the owner of the car. The trial court sustained demurrer to claimant's petition as amended, upon the ground that it failed to allege that claimant could not, by reasonable diligence, have obtained knowledge or notice of the illegal use of the car, and this ruling is here assigned as error.

It was held in State v. Crosswhite, 203 Ala. 586, 84 South. 813, and State v. One Lexington Automobile, 203 Ala. 506, 84 South. 297, that such petition should contain this averment as in response to the language of the statute. There was a difference of opinion in the court as to what was required by way of proof to meet this averment (State v. One Paige Automobile, 85 South. 276[1]), and upon the proof required these cases have been modified by subsequent decisions. Flint Motor Car Co. v. State, 85 South. 741; [2] One Ford Automobile v. State, 84 South. 760; [3] Bowling v. State, 85 South. 500; [4] One Packard Automobile v. State, 86 South. 21; [5] Briscoe Motor Car Co. v. State, 204 Ala. 231, 85 South. 475; Byles v. State, ante, p. 286, 87 South. 856.

They did not, however, qualify the first-named authorities as to the question of pleading, but only concerning the matter of proof, and the holding there justified the ruling on the demurrer.

[2] Counsel argue that the paragraph added by way of first amendment contained sufficient averments to disclose claimant's ignorance of the use of his car, and therefore he should not have been required to add the amendment—the result of the ruling on demurrer. In view of the rule that pleading is construed most strongly against the pleader, it is doubtful that the language used in the amended petition should be construed quite as strongly as insisted, but, however that may be, if it were shown that

claimant was entirely innocent of the use of his car by Short, having no knowledge or notice thereof, or notice of any facts to put him on inquiry, then no action on his part would be required, and the addition of the language of the statute would add no greater burden to him than was already embraced in the petition, and of consequence be harmless.

[3] Appellant went to the house of his uncle Monroe McGraw, on the afternoon of September 17, 1919, and insists that while he was asleep at his uncle's during the night Paul Short took his car, without his knowledge or consent, and carried the same to Dora, where it was seized the following morning, together with about eight gallons of corn whisky. Appellant had previously been in the taxi business, and Paul Short was so engaged at the time. There was evidence tending to show they had frequently exchanged use of cars; that these two slept together at McGraw's the night of September 17th, and that during the night Short took the car which was in front of the house, and went to Dora. Appellant's uncle McGraw also had a "taxi run," and a short time previous to this Short had taken over that "run," and had been boarding with McGraw. Appellant and his uncle went to Dora the next morning, where they found Short incarcerated and appellant's car seized. Appellant stated that he "just went to his uncle's on a visit;" that it was not on Sunday; that he "went after nothing." He did not know his uncle's occupation, and, further, that was the first time he had been there in a year or two. He stated he was a farmer. Upon cross-examination the state was permitted, over claimant's objection, to ask him as to how much crop he had planted that year. In this there was no error.

The state was also permitted to prove that a still was found near McGraw's place, or about a mile or more therefrom, which had been in operation for some time, and also a receipt for so much sugar with McGraw's name upon it, which was found at this still. It is strenuously insisted that this evidence was inadmissible upon this trial. In addition to this proof there was evidence tending to show that upon the person of Short was found a book containing an expense account for sugar and other items, including a worm still, which had the names of McGraw, Short, and appellant thereon. It appears that when McGraw was shown the book, as a witness on the stand, he testified he had seen books like it; and testified he guessed it was his little boy's.

McGraw was contradicted on the stand by the officers as to what he told them in regard to these boys spending the night and

[1] 204 Ala. 44.　　[2] 204 Ala. 437.　　[3] 203 Ala. 517.
[4] 204 Ala. 405.　　[5] 204 Ala. 435.

sleeping together at his house. One of the witnesses for the state testified that Mc-Graw told him the boys met at his house in the afternoon and stayed all night, and that Short got up and left during the night in the car.

[4] Other circumstances might be referred to, but we consider a detailed discussion of the evidence unnecessary. Suffice it to say, it has been given most careful consideration, and we are of the opinion there are strong tendencies of the proof going to show a full understanding, if not a confederation, on the part of these three concerning the illegal traffic in liquors. We are of the opinion, therefore, the testimony in regard to finding the still and the receipt with the name of McGraw thereon was admissible as a circumstance in the case, and that the court below committed no error in admitting the same.

We have treated the questions argued in brief of counsel for appellant, and, finding no error, the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.