## EMPIRE GUANO CO. v. ELLIS.
(6 Div. 241.)

(Court of Appeals of Alabama. Nov. 13, 1923.)

**1. Appeal and error ☞494—Statement in bill of exceptions that trial court overruled demurrer to plea held insufficient to show judgment on demurrer.**

A bill of exceptions stating that trial court overruled plaintiff's demurrer to defendant's plea *held* not sufficient to show judgment of the trial court on the demurrer; such statement being no more than a bench entry.

**2. Appeal and error ☞518(3)—Not the function of bill of exceptions to show judgment of trial court on demurrer.**

It is not the office of a bill of exceptions to show the trial court's judgment on a demurrer.

**3. Appeal and error ☞680(1)—Appellate court cannot consider overruling of demurrers in absence of showing in record as to what the judgment was.**

Where the trial court's judgment on plaintiff's demurrer to defendant's pleas is not shown in the record proper, the appellate court cannot consider the assignments of error based upon the trial court's action in overruling the demurrer.

**4. Appeal and error ☞194(1), 236(2), 242 (3), 494—Immaterial plea should be eliminated by motion to strike or by proper demurrer and ruling sought thereon and preserved on appeal.**

Conceding that pleas of failure or want of consideration or of alteration of a note without the consent of the maker were immaterial in a suit by an innocent purchaser, such pleas should have been eliminated either by motion to strike or by proper demurrer, and a ruling sought thereon and judgment shown by the record, and, when this was not done, the only question is whether they are sustained by evidence.

---

**5. Alteration of instruments** ⬥29—**Evidence held to support plea of alteration without maker's knowledge and consent.**

Evidence *held* to support defense of plea of alteration of note without the knowledge and consent of defendant maker.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by the Empire Guano Company against D. A. Ellis. From a judgment for defendant, plaintiff appeals. Affirmed.

James Kay, of Oneonta, for appellant.

Counsel argue for error in the action of the court in overruling demurrers to pleas, but in view of the opinion it is not necessary to set out the brief.

Ward, Nash & Fendley, of Oneonta, for appellee.

Defendant's pleas were proved, and he properly had judgment.

' BRICKEN, P. J. The appellant brought its action against appellee in the court below, to recover the sum of $125.25, with accrued interest, and the additional sum of $20 as a reasonable attorney's fee, all alleged to be due under a certain promissory note, which is set out in the bill of exceptions.

. The defendant interposed several pleas: (1) The general issue; (2) non est factum; (3, 4, and 5) interposed the defense of an alteration in the note sued on after its execution, without · the knowledge or consent of the maker; (6) failure of consideration.

The complaint alleged that the note in question was executed by defendant on April 5, 1920, and was payable to Goddard Bros. & Copeland, and was indorsed to the plaintiff, the Empire Guano Company, for a valuable consideration before maturity and in the usual course of trade.

Plaintiff demurred to defendant's pleas 3, 4, 5, and 6 upon the four grounds noted in the demurrer. The first four assignments of error are predicated and based upon the action of the trial court in overruling the demurrers.

[1-3] The ruling of the trial court upon the demurrers in question is not available to appellant for the reason that the record fails to show any judgment of the trial court upon said demurrer. The bill of exceptions contains a statement that the court overruled the plaintiff's demurrer to defendant's pleas, but this is no more than a bench entry, and, besides, it is not the office of a bill of exceptions to show the judgment of the trial court on demurrer.

The judgment of the trial court on plaintiff's demurrer not being shown by the record proper, this court cannot consider assignments of error based upon the action of the

court in overruling said demurrers. Ala. Fuel & Iron Co. v. Vaughan, 205 Ala. 589, 88 South. 857; Seaboard Air Line Ry. Co. v. Pemberton, 202 Ala. 55, 79 South. 393.

The fifth and sixth assignments of error are predicated upon the action of the trial court in finding the issue involved in the case in favor of the defendant, and in entering judgment accordingly.

[4] It is the contention of appellant that the note sued on is a negotiable instrument under the commercial law, and that the same was in the hands of a bona fide purchaser for value without notice of its defects, defenses, or imperfections. The defendant (appellee in this cause), however, interposed in the court below his pleas of alteration, failure of consideration, and non est factum. It is true that a plea of failure of consideration, or want of consideration, or of alteration, would be immaterial in a suit on a negotiable instrument, by an innocent purchaser thereof for value, but said pleas should have been eliminated, either by a motion to strike or proper demurrer, and the ruling of the trial court should have been invoked upon said motion or demurrer, and the judgment of the trial court thereon should be shown by the record.

[5] The judgment entry here recites that issue was joined between the plaintiff and defendant. So, then, the only question for this court to consider is whether or not the defendant offered sufficient proof in support of his immaterial pleas. Plea 3 asserts that—

The "note sued on has been materially changed in this: Words and figures '1,000 lbs. of F. 10—0—4' have been inserted in the face of said note since execution thereof without the knowledge or the consent of the said defendant."

Plea No. 4 asserts that—

The "note herein sued on has been materially changed in this: Words and figures '2,000 lbs. of 10—0—4' have been inserted in the face of said note since the execution thereof without the knowledge or consent of the defendant."

Plea No. 5 asserts that the amount for which the note was given was inserted in the face of the note since the execution thereof without the knowledge or consent of the defendant.

Paul Goddard, one of the witnesses for the plaintiff in the court below, testified that the amount for which the note was given was not in the face of the note when the same was received at the office of Goddard Bros. & Copeland, but that the same was filled out after it came into the office of said partnership, and this witness related just how the amount of the note was arrived at. It does not appear from any testimony offered in behalf of the plaintiff in the court below that

said amount was written into the face of the note with the knowledge or consent of the defendant in the court below.

Plaintiff's witness H. B. Houghton testified that the note was signed in blank except as to certain specified words and figures and he specifically testified that the amount for which the note purports to have been given was placed in the note after it was turned into the office of Goddard Bros. & Copeland.

The defendant, testifying in his own behalf, stated that at the time he signed the note the amount for which the same purports to have been given did not appear in the face of the note, and that the quantity of the various kinds of fertilizer did not appear therein; that the note was blank except as to the date and 40 sacks of guano, and that he did not authorize or direct any one to enter the amount or the quantity of fertilizer in said note after he had signed the same; that he did not consent to the addition, and that all of them were made without his authority or consent.

In our opinion, there was ample evidence offered in behalf of defendant's pleas to sustain the judgment of the trial court, and that judgment we will not now disturb. Hess v. Hodges, 201 Ala. 309, 78 South. 85, L. R. A. 1912D, 858; Moore v. Walker, 201 Ala. 629, 79 South. 191; McCay v. Parks, 201 Ala. 647, 79 South. 119; Union Mut. Aid Ass'n of Mobile v. Carroway, 201 Ala. 414, 78 South. 792; Byles v. State, 205 Ala. 286, 87 South. 856; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 South. 423; McConnell v. Free, 206 Ala. 83, 89 South. 170; Perkins v. Perkins, 206 Ala. 571, 91 South. 256.

It follows that we find no error in the record, and the judgment appealed from must be affirmed.

Affirmed.