(102 So. 894)

**McCORMACK BROS. MOTOR CAR CO. v. STATE.   (7 Div. 517.)***

(Supreme Court of Alabama. Jan. 22, 1925.)

1. **Intoxicating liquors** ⬌251—Mortgagee's or conditional vendor's showing of diligence in determining reputation of purchaser of automobile subsequently used for transportation of intoxicating liquor held insufficient.

Mortgagee or conditional vendor of automobile sought to be condemned because used for unlawful transportation of intoxicating liquor must show due diligence to determine mortgagor's or purchaser's reputation in such respect, and mere showing of inquiry as to financial standing and that made outside county of purchaser's residence *held* insufficient.

2. **Intoxicating liquors** ⬌251—In condemnation proceedings against automobile, burden of showing possessor's want of agency is on claimant.

State, in proceedings to condemn automobile because used to unlawfully transport intoxicating liquor, is not required to prove that one in whose possession car was found was acting as agent or under authority of owner; burden of showing want of agency or authority being on claimant.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

---

Petition in equity by the State, by the Circuit Solicitor, against R. E. Hicks, for condemnation of an automobile used in the illegal transportation of prohibited liquor, and intervention of claim by the McCormack Bros. Motor Car Company. From a decree of condemnation, the claimant appeals. Affirmed.

Lamkin & Watts, of Birmingham, for appellant.

Where it is shown that the claimant did not know his vendee, and upon inquiry failed to obtain information that vendee was considered a law violator, a prima facie case of no negligence is made. Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741; State ex rel. v. Leveson, 207 Ala. 638, 93 So. 608.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1, 2] It is true that in the case of Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741, qualifying and explaining the Lexington and Crosswaite Cases there cited, we held that a mortgagee or conditional vendor was not an insurer of the subsequent conduct of the mortgagor or vendee, but we also held that, in order to overcome or rebut the prima facie case made out by the state growing out of the seizure of a vehicle while transporting prohibited liquor, it was necessary to show, by said mortgagee or conditional vendor, that he not only did not know that said vehicle was being so used, but had exercised due diligence to ascertain whether or not it would probably be used for such unlawful purpose—that he should make such reasonable inquiry as to the character of the mortgagor or purchaser as to ascertain if the vehicle would probably be so used. It is also true that we there held that the inquiries there made and the information thereby obtained by the vendor was sufficient, prima facie, to rebut the case made by the state, but the proof there showed that the inquiry was made of a reliable business man and neighbor of the defendant, and the claimant was informed that the defendant's character as to violating the prohibition law was good, and the state did not successfully rebut this proof. Here we have a different case, and the trial judge held that this claimant did not show due diligence in ascertaining the character of the vendee before selling or trading him the car in question. Its agent only got information from certain business references furnished by the vendee and outside of the county of his residence to the effect that his financial standing was good or that he was·all right. He knew that the vendee lived at Acton in Shelby county, not Birmingham, and no effort was made to ascertain what his character as to violating the prohibition law was in his home community, and we cannot hold that the trial court was in error in this respect. Equitable Credit Co. v. State (6 Div. 181) 102 So. 802,[1] and same Claimant v. State (6 Div. 312) 102 So. 803.[2] True, the car was not seized while in the possession of the vendee, Trimm, but while used by one Hicks, but we do not think that it was incumbent upon the state to prove the agency or authority of Hicks to use the car for· the burden was upon the claimant to show, if such was the case, that the possession of Hicks was without the authority or consent of Trimm, and which was not done. The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ, concur.

Lamkin & Watts, of Birmingham, for appellant.

Harwell G. Davis, Atty. Gen., for the State.