(104 So. 255)

EDWARDS et al. v. STATE.  (7 Div. 523.)

(Supreme Court of Alabama.   May 7, 1925.)

1. Intoxicating liquors ⟨⟩251—Rule as to burden of proof in proceeding to condemn automobile for unlawful use by conditional buyer on claim thereto by conditional seller stated.

In proceeding to condemn automobile under the prohibition law, proof that car was subject to condemnation, so far as interest of conditional buyer in possession was concerned, established a prima facie case of condemnation, shifting on seller burden of proving that at time of sale he had no knowledge or notice of any design on part of buyer to use car for unlawful purpose, or knowledge or notice of any fact calculated to excite suspicion and put a reasonably prudent person on inquiry as to such intended use of car.

2. Intoxicating liquors ⟨⟩246—Seller or mortgagee need not inquire as to whether buyer or mortgagor intends to use car for unlawful purpose, unless he has knowledge of such purpose or knowledge of facts sufficient to put him on inquiry.

Conditional seller or mortgagee, to avoid condemnation of their interest in automobile by buyer or mortgagor under the prohibition law, need not make inquiry as to whether buyer or mortgagor intends to use car for unlawful use, so as to make it subject to condemnation, if he has no notice or knowledge that car is to be used for unlawful purpose, or no notice or knowledge of any fact calculated to excite suspicion, so as to put a reasonably prudent person on inquiry as to such intended use.

3. Intoxicating liquors ⟨⟩246—Notice necessary to excite conditional seller's suspicion, as to use for which buyer intends car, may be slight and may be imputed by law.

The notice necessary to excite suspicion on part of conditional seller of automobile that buyer intends to use it for unlawful purpose, so as to make it subject to condemnation under the prohibition law, requiring seller to make inquiry as to such purpose, may be slight and may be a notice imputed by law, such as general character of the buyer as a violator of the prohibition law.

**4. Intoxicating liquors ⬿246—Whether conditional seller had notice of facts, exciting inquiry as to buyer's intention, depends on facts of a particular case.**

Whether conditional seller of automobile had notice of facts, exciting suspicion and stimulating inquiry, as to whether buyer intended to use car for unlawful purpose so as to make it subject to condemnation under the prohibition law, depends on the facts in the particular case.

**5. Intoxicating liquors ⬿246 — Conditional seller not required to make inquiry as to intended use, merely because buyer's father living separate from buyer had reputation as bootlegger.**

Automobile dealer, who sold automobile in the regular course of business, in good faith, under conditional sale contract, to buyer without knowledge of facts exciting suspicion that car would be used for unlawful purpose to avoid condemnation of his interest in car, was not required to make inquiry as to whether buyer intended to use car for unlawful purpose, merely because buyer's father living separate from buyer had reputation as bootlegger.

Anderson, C. J., and Thomas and Bouldin, JJ., dissenting.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Proceeding by the State to condemn the automobile of Bill McWhorter, used in the unlawful transportation of prohibited liquors, in which A. S. Edwards interposed his claim. From a decree of condemnation, claimant appeals. Reversed and remanded.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

It was not the purpose of the act of 1919 to punish an innocent party. The statute is highly penal, and must be strictly construed. Carey v. State, 206 Ala. 351, 89 So. 609.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

GARDNER, J. This appeal is from a decree of condemnation of a Ford touring car under the provisions of the prohibition law. The car was sold by A. S. Edwards (claimant in the court below and appellant here) to one Bill McWhorter under a conditional sale contract, on which was due at the time of the seizure $280. That the car was subject to condemnation, so far as the interest therein of Bill McWhorter is concerned, is clearly established and not controverted on this appeal.

[1] A prima facie case for condemnation was therefore established, and the burden of proof then shifted to claimant Edwards, the vendor under the conditional sale contract, to show that at the time of said sale he had no knowledge or notice of any design on the part of the vendee to use the car for any unlawful purpose, or knowledge or notice of any fact calculated to excite suspicion and put a reasonably prudent person on inquiry as to such intended use of the car. One Packard Automobile v. State, 204 Ala. 435, 86 So. 21; Cherry-Ellington Auto Co. v. State, 210 Ala. 469, 98 So. 389; State v. Hughes, 203 Ala. 90, 82 So. 104; Maples v. State, 203 Ala. 153, 82 So. 183; Glover v. State, 205 Ala. 446, 88 So. 437; Byles v. State, 205 Ala. 286, 87 So. 856; Bowling v. State, 204 Ala. 405, 85 So. 435; Echl v. State. 205 Ala. 466, 88 So. 567; Fearn v. State, 205 Ala. 478, 88 So. 591; Briscoe v. State, 204 Ala. 231, 85 So. 475.

[2] The foregoing rule is recognized and given application in the above-cited cases. Under this rule if the vendor or mortgagee has no notice or knowledge that the vehicle is to be used for any unlawful purpose, or no notice or knowledge of any fact calculated to excite suspicion so as to put a reasonably prudent person on inquiry as to such intended use, then inquiry on his part is not demanded. This rule was adopted as reasonable and just and as expressive of the legislative intent that innocent parties free from fault should not suffer loss through the wrong of another, as was said in Briscoe v. State, supra:

"The act does not contemplate the condemnation of property of those who do not aid or assist in the unlawful transporting of liquors, or who are not chargeable with notice or knowledge that their property is to be used for such unlawful purpose."

In Bowling v. State, 204 Ala. 405, 85 So. 500, a bona fide, innocent, mortgagee was protected, though there was no evidence that any inquiry was made—the court, speaking through Chief Justice Anderson, saying:

"The petitioner not only proved the existence of a valid subsisting mortgage, but met the statutory requirement of negativing notice or knowledge on his part of the unlawful use of the automobile."

This decision was immediately thereafter construed by this court as declaring the rule herein stated, as appears from the following quotation from the case of One Packard Automobile v. State, 204 Ala. 435, 86 So. 21, wherein the court said:

"On this evidence, if believed, on the principle stated in Bowling v. State, present term, 85 So. 500, in the absence of countervailing evidence showing notice or knowledge on the part of some agent of the claimant, or facts calculated to excite suspicion and put a reasonable person on inquiry, the claimant's right to the car was not subject to condemnation."

And in Glover v. State, 205 Ala. 446, 88 So. 437, supra, after referred to the subse-

quent qualification of the earlier cases, the court again recognized the rule as herein announced, in the following language:

"If it were shown that·claimant was entirely innocent of the use of his car by Short, having no knowledge or notice thereof, or notice of any facts to put him on inquiry, then no action on his part would be required."

In one of the earlier cases (State v. Hughes, 203 Ala. 90, 82 So. 104, the court used the following language here directly applicable:

"It seems to us too clear for argument that the Legislature did not intend that the property of a person wholly innocent of any intent to violate the law, or to aid or assist another in violating, and without knowledge or notice of facts to put him on notice that his property was to be used in violation of the statute, should be confiscated."

This authority was followed in Maples v. State, supra. A reading of these authorities will demonstrate that any different rule subsequently stated was a distinct departure from the earlier cases, and that in the instant case the court' is but recognizing and enforcing the rule first adopted. Quotations from other cases could be given to like effect, but the foregoing suffices to demonstrate that the court has not heretofore proceeded in cases of this character upon such construction of the case of Flint Motor Car Co. v. State, 204 Ala. 437, 85 So. 741, as placed thereon in McCormack v. State (Ala. Sup.) 102 So. 894,[1] and in the dissenting view in the instant case.

The rule announced in the McCormack Case is, in our opinion, impractical of operation, and would seriously impair the business world engaged in the sale of means of transportation, including not only automobiles, but buggies, wagons, and the like.

[3, 4] The notice necessary to excite suspicion and stimulate inquiry may be slight, but, in any event, will necessarily be left to the determination of the facts in each particular case. It may be a notice imputed by law, such as general character of the purchaser as a violator of the prohibition law, as illustrated in the cases hereinafter cited. The rule herein applied but recognizes the general rule of presumption of good character until the contrary is made to appear. 22 Corpus Juris 144. That stated and enforced in the McCormack Case is to the contrary, and at variance with the earlier cases and others hereinabove cited. The McCormack Case will therefore be overruled.

We have now but to apply the rule herein recognized to the instant case. Edwards was engaged in the automobile business at Piedmont in Calhoun county, and that he sold this car to Bill McWhorter in the usual course of business and in perfect good faith

[1] Ante, p. 6.

is not questioned. In the transaction an old car was traded in, and deferred payments provided by the written contract for the balance due. The principal portion of the negotiations was through one Gunter, who was in Edwards' employ. Neither Edwards nor his employé Gunter had any information derogatory of the purchaser's character, or any notice, knowledge, or information that would in the least excite suspicion that the car would be used for any unlawful purpose. Bill McWhorter, it appears, had previously purchased gasoline and accessories at this place, and had been known by employé Gunter for a period of about four months. The car being purchased on time, Gunter made inquiry of Barlow, a competitor, who stated he considered him (McWhorter) "all right," and that "he would take a deal with him"— to use the language of the witness.

On the conditional sale contract the post office address of the purchaser was given as Borden Springs, Route 1, but some of the witnesses testified that the purchaser gave his address as Fruithurst, Route 1, both being in Cleburne county.

H. N. McWhorter is the father of Bill McWhorter. The father, however, lives at Oak Level, in Cleburne county. Neither of them testified in this cause. The father was with Bill McWhorter when the car was purchased, but does not appear to have taken any part therein. The state offered the testimony of B. H. Crumpton, a federal law enforcement agent for that district, to the effect that he knew H. N. McWhorter; that he lived at Oak Level, Cleburne county; and that in that community where he lived he had a reputation as a "bootlegger." The witness was not acquainted with Bill McWhorter, the son. It was not questioned that the son, the purchaser of the car, was grown and living elsewhere, either near Fruithurst or Borden Springs.

In State v. Leveson, 207 Ala. 638, 93 So. 608, it was shown the purchasers bore a reputation in the community as "bootleggers" and that their place of business was less than a city block away from that of the seller. A failure on the part of the seller to make proper inquiry, under these circumstances, was held to constitute negligence.

In Bearden v. State, 211 Ala. 241, 100 So. 93, two brothers of the claimant had possession of the car and there was evidence tending to show the sale to the claimant was simulated, and all a part of a concocted scheme. It was held competent to prove these brothers of claimant had a reputation as violators of the prohibition law.

[5] In the following cases the general reputation of the purchasers in the community as violators of the prohibition law was held sufficient to put the vendor or mortgagee on inquiry, and the exercise of due diligence, D. & S. Motor Co. v. State ex rel. Perry

(Ala. Sup.) 102 So. 805;[2] F. H. Conner v. State ex rel. Perry, 102 So. 809;[3] Eq. Credit Co. v. State (Ala. Sup.) 102 So. 802;[4] Eq. Credit Co. v. State (Ala. Sup.) 102 So. 803.[5] We are of the opinion, however, that none of these cases would justify a finding of negligence on the part of the seller under the circumstances here disclosed. Nothing appears against the character of the purchaser prior to the seizure of the car. He lived separate from the father, and it seems in a different neighborhood. The father had no connection with this transaction. He lived in a county adjoining that of the seller. Upon a careful consideration of the evidence, we are unwilling to impute negligence to Edwards, the seller and claimant, by reason of the fact that the purchaser's father bore the reputation of "bootlegger" in the community of Oak Level, in Cleburne county. This conclusion is reached upon consideration of the uncontroverted evidence, and the rule as to the weight to be given the finding of the court upon the facts, when the witnesses are orally examined before him, is without application. Bowling v. State, 204 Ala. 405, 85 So. 500.

We are of the opinion therefore that the seller should be protected to the extent of his interest, but the equity of the purchaser is subject to condemnation and sale, and to that end the cause is remanded. Wise v. State. 204 Ala. 84, 85 So. 266; State v. Farley. 206 Ala. 172, 89 So. 510.

Reversed and remanded.

SAYRE, SOMERVILLE, and MILLER, JJ., concur.

ANDERSON, C. J. (dissenting). The present holding is in direct conflict with the case of McCormack Bros. Motor Car Co. v. State (Ala. Sup.) 102 So. 894,[6] and this case is in line with the opinion in the case of Flint Motor Car. Co. v. State, 204 Ala. 437, 85 So. 741, where the rule of duty and diligence was laid down as to a mortgagee or conditional vendor, when interposing a claim to a vehicle, which had been seized while transporting prohibited liquor. This rule merely required the vendor or mortgagee, among other things, after the state had made out a case by showing that the vehicle was seized while transporting liquor when the purchaser or mortgagor was not known to him, to make inquiry, where he is known, as to his character for violating the prohibition law, and, if such reasonable inquiry disclosed that it was good, he would be protected. In other words, that when the state made out a prima facie case that the vehicle was outlawed, the burden then fell upon the claimant to acquit himself of notice or negligence.

As I understand, the effect of the present holding is that said claimant need not make inquiry unless the state shows that the purchaser or vendor had a bad character in this respect, or that facts existed which would have disclosed the fact had the inquiry been made. The result being to shift the burden of proof to the state, not only to show that the vehicle was an outlaw, but other facts to put the claimant on notice or inquiry that the vehicle was being used to transport liquor, or would be so used when the sale was made or the mortgage was taken. This may be a logical and reasonable rule, but, in my opinion, is not warranted by the statute, and puts a greater burden on the state than is contemplated or authorized. The statute received a more liberal construction in the Flint Case, supra, than the previous cases there dealt with and as liberal as was warranted, and I am opposed to a further relaxation for the benefit and convenience of dealers in vehicles, or those who make mortgage loans upon same.

I therefore dissent, and in which I am joined by THOMAS and BOULDIN, JJ.

[2] 212 Ala. 371.     [3] 212 Ala. 360.     [4] 212 Ala. 406.     [5] 212 Ala. 407.     [6] Ante, p. 6.