12 So.2d 570

**INTER-OCEAN CASUALTY CO. v. BANKS.**

**4 Div. 747.**

Court of Appeals of Alabama.

March 23, 1943.

A. L. Patterson, of Phenix City, for appellant.

Roy L. Smith, of Phenix City, for appellee.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant upon an insurance policy issued by said company to Will Banks and appellee was the beneficiary of said policy.

Will Banks, and his wife, Emma Banks (appellee), resided in Chambers County, Alabama, at the time said insurance policy was issued to him, and he continued to live and reside in said Chambers County until he was shot and killed by one John Howard.

This suit was brought by appellee in the circuit court of Russell County, Alabama (Northern Division), and said insurance company (appellant), appearing specially and limiting its appearance, filed its plea in abatement to said action, alleging that it was a licensed foreign corporation at the time said suit was brought, and also at the time the cause of action arose, with its only authorized place of business and agent located in Birmingham, Jefferson County, Alabama, and that it had no authorized place of business or agent in Russell County, or any other county except Jefferson at said time. Said plea was verified, and of course challenged the jurisdiction of the circuit court of Russell County, to hear and determine said suit.

Issue was joined upon said plea in abatement, and this record shows that the issue upon said plea was tried before a jury, and that the taking of testimony was begun by the plaintiff before said jury. Plaintiff introduced her witness one M. G. Harbuck, who testified in behalf of plaintiff as to the matter alleged in said plea, and during the direct examination of said witness the trial court said: "Pass up the affirmative charge on the plea in abatement and I will give it for plaintiff." At this stage of the trial the defendant asked the privilege of being heard, which was granted, and after argument by defendant, the plaintiff, over the objection and exception of defendant, renewed its direct examination of said witness. During this further direct examination of said witness, this record shows that the defendant moved to exclude all of the testimony of said witness upon the ground that there was better and higher evidence of the things testified to, which motion was overruled and thereupon, without giving the defendant any opportunity to cross-examine said witness or to introduce any testimony in support of said plea in abate-

ment, or in rebuttal of the testimony of said witness Harbuck, the trial court gave to the jury the following written charge: "The court charges you gentlemen of the jury that if you believe the evidence offered in this case on the plea in abatement you must find that the defendant company was doing business in Russell County, Alabama, at the time suit was brought in this case." To this action of the court the defendant duly and legally excepted.

■ We are of the opinion that the trial court erred in giving said affirmative charge under the circumstances stated, supra, and the testimony shown by the bill of exceptions. The jury in accordance with the affirmative charge given by the court returned its verdict in favor of the plaintiff upon defendant's plea in abatement, as shown by the trial judge's bench notes, copied in the judgment entry, and the trial court, instead of pronouncing the judgment of the court upon defendant's plea in abatement in accordance with said jury verdict, did, according to the further and immediately succeeding recitals of said judgment entry, overrule the demurrers of the defendant to replication of defendant's pleas, without rendering judgment on the plea in abatement at all.

Said judgment entry next sets out the judgment of the trial court upon the trial of the case upon its merits, pronounced and entered according to the verdict of the jury finding for the plaintiff in the sum of $500.

Upon this appeal, appellant insists through an appropriate assignment of error that: "The trial court erred in proceeding with the trial of the case upon its merits without first pronouncing and causing to be entered the court's judgment upon defendant's plea in abatement."

The judgment entry set out in the record, in so far as it relates to the pleadings, including the plea in abatement, is as follows: "598. Emma Banks vs. Inter-Ocean Casualty Co. Circuit Court, Spring Term, 1942. March 11th, 1942.

"This cause coming on to be heard, comes the Plaintiff by her counsel, and comes also the Defendant attended by their counsel. The Plaintiff's motion to strike plea of surprise is sustained. The Defendant's objection of introduction of letter in support of motion of Plaintiff to strike plea is overruled, and defendant excepts.

"(Signed)    J. S. Williams, Judge.

"Plaintiff has leave to amend count 2 by adding the words: (That the Plaintiff is the owner of the policy) The Defendant's objection to the allowance of such amendment is overruled, and Defendant excepts. The Defendant's demurrers to the complaint and its amendments are overruled and defendant excepts.

"(Signed)    J. S. Williams, Judge.

"The demurrers of Plaintiff to plea No. 3 are sustained and defendant excepts. The demurrers to plea Nos. 1, 2, and 4 are overruled and Defendant excepts.

"(Signed)    J. S. Williams, Judge.

"The demurrers of Plaintiff to pleas 4, 5, 6, and 7 are overruled and Plaintiff excepts. Plaintiff (joins) issue on plea 1 and 2 and asserts special replication alleging insanity on pleas Nos. 2, 4, 5, 6, 7 overruled.

"March 11th, 1942. Issue being joined as to the things charged in the plea in abatement, thereupon comes a jury of twelve good and lawful men, to-wit: Geo. P. May and eleven others, who, having heard all the evidence offered upon the trial of this cause, arguments of counsel, and the charge of the Court, do on their oaths say: 'We, the jury, find that the Defendant, Inter-Ocean Casualty Co., was doing business in Russell County, Alabama by agents at the time the suit was filed in this case. (Signed) Geo. P. May, Foreman.' The demurrers of Defendant to replication of defendant's pleas are overruled and Defendant excepts."

■ It is clearly apparent that this judgment entry does not show a judgment of the trial court upon the defendant's motion for a continuance (termed a plea in surprise); it does not show the court's judgment upon plaintiff's motion to strike any plea of surprise; nor does it show the judgment of the court upon demurrers of plaintiff and defendant, respectively; neither does it contain any judgment of the court upon defendant's plea in abatement. On the contrary, said judgment affirmatively shows that, in so far as the pleadings are concerned, it contains nothing but a copy of the bench notes of the trial judge, and these bench notes, as well as the judgment entry, both show that the trial court did not pronounce any judgment upon defendant's plea in abatement. This being true, the trial court did not have jurisdiction and authority to try the case upon its merits and render a final and binding judgment therein, without first disposing of said plea in abatement. Ford Motor Co. v. Hall Auto Co., 226 Ala. 385, 147 So. 603, 605; Alabama Warehousing Co. v. Hyatt, 26

Ala.App. 117, 154 So. 313; Alabama Nat. Bank v. Hunt et al., 125 Ala. 512, 28 So. 488; Wright v. State, 103 Ala. 95, 15 So. 506.

It is insisted that the bill of exceptions shows that the trial court did pronounce judgment upon the plea in abatement, and it is stated, in this connection, that inasmuch as this bill of exceptions was prepared by counsel for appellant and tendered to the trial judge for approval, appellant should not now complain.

It has many times been decided by the appellate courts of this State that matters which should be shown by the record proper must be set out in the record proper, and matters that should be shown by the bill of exceptions must be shown by the bill of exceptions.

In our case of Empire Guano Co. v. Ellis, 19 Ala.App. 463, 98 So. 38, this court declared that a statement, in the bill of exceptions, that a judgment had been rendered, had no more probative value of said judgment than a mere bench note of the trial judge. The contention of appellee upon this question is without merit.

It is the opinion and judgment of this court that the judgment appealed upon the merits of this case, as set out in this record, should not have been pronounced and entered by the trial court, without the pronouncement and entry of a proper judgment of that court disposing of the appellant's plea in abatement as hereinabove considered and determined. The judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.