This court has heretofore held in the case of Hughes v. State, 82 So. 104,[1] that the words "aided and assisted," as used in the prohibition statute as to the condemnation or confiscation of vehicles of transportation, implied either knowledge on the part of the owner that the vehicle was being used for unlawful purposes, or such negligence or want of care as to charge him with knowledge or notice that *Page 518 
the property was so used. It is not controverted by the evidence that the claimant was the owner of the car, or that he loaned it to his younger brother to be used for a perfectly legitimate purpose; and there was no evidence to charge claimant with notice that it was being misused for the illegal transportation of liquor. There was no proof that it had been previously used for said purpose, or to negative the fact that it was not being generally used for the purpose for which the claimant turned it over to the defendant, except as to the single occasion in question. The only evidence offered by the state to create an inference that the claimant was charged with notice or negligence in failing to acquire same was that the defendant had, several months previous, pleaded guilty to having corn whisky in a house occupied jointly by the claimant, the defendant and their father. This, however, did not create a reasonable inference that the vehicle would be or was being used months thereafter for the illegal transportation of liquor, and was at most a bare conjecture or suspicion. It is true, as suggested by counsel for the state, that the claimant's place of business had been raided on several occasions in the search for liquor, but the proof also shows that none was found.
The trial court erred in not rendering a decree for the claimant, and the decree must therefore be reversed, and one is here rendered in favor of said claimant.
Reversed and rendered.
SAYRE, GARDNER, and BROWN, JJ., concur.
[1] Ante, p. 90.