COMMISSIONERS OF CLEVELAND COUNTY v. SIDNEY SPITZER ET AL., TRADING AS SIDNEY SPITZER AND COMPANY.

(Filed 14 April, 1920.)

**Taxation—Constitutional Law—Bonds—Statutes—Statutory Amendments —Interest—Counties.**

Where in accordance with the Constitution and statutes, the question of an issue of bonds by a county for road purposes has been submitted by its proper authorities to its voters and favorably passed upon, they will not be declared invalid because before the enactment of a later statute only 5 per cent bonds were authorized, and the petition for the 6 per cent bonds was filed with the commissioners five days before the enactment of the amendatory law, but the order of the commissioners for the election and the election were after such enactment.

APPEAL by defendants from *Adams, J.,* at chambers, 17 February, 1920, from MOORE.

This is a controversy submitted without action under Rev., 803. This action was instituted in Cleveland County by the commissioners thereof, but by consent of parties it was agreed that the judge might hear and render judgment upon the case agreed in vacation and out of the district, and that the judgment should be filed immediately by the clerk of the Superior Court of Cleveland, each party reserving the right to appeal therefrom. From the judgment rendered the defendants appealed.

*Ryburn & Hoey for plaintiffs.*
*J. H. Folger for defendants.*

CLARK, C. J. On 21 July, 1919, after due advertisement, the commissioners of Cleveland offered for sale $30,000 road bonds issued on behalf of Township No. 11, "bearing 6 per cent interest, by virtue of ch. 122, Laws 1913, and acts amendatory thereof."

Ch. 122, Laws 1913, authorizing an election upon the issuance of these bonds was regularly enacted in the constitutional mode. By ch. 1886, Laws 1919, also duly enacted, and ratified 8 March, 1919, the aforesaid act was amended to authorize a change in the interest from 5 per cent

to 6 per cent. The petition to order this election was filed with the commissioners 3 March, 5 days before the ratification of the amendatory act, but they did not grant the order until at an adjourned meeting held 11 March. The election was duly held, and the issuance of the bonds bearing 6 per cent interest authorized by a vote of the people on 14 April thereafter.

The defendants were the last and highest bidders for the bonds, and admit the legality in all respects in the enactment of the statutes, and election, under which the bonds were issued, and that they were in conformity to the Constitution, but decline to accept the bonds upon the ground that they are invalid because the petition was filed with the commissioners prior to the ratification of the amendatory act authorizing the increase of interest to be borne by said bonds from 5 per cent to 6 per cent. There is no other question presented to us by this appeal.

At the time the commissioners granted the order, and consequently when the election was held, the authority to submit the proposition to the vote of the people had been regularly and constitutionally enacted. We cannot see that the filing of the petition before the act changing the rate of interest was ratified can in any way invalidate the issuance of the bonds. There is no authority exactly in point for the reason probably that an objection upon such state of facts has never been made before, and is now only presented out of abundant caution. In *Guire v. Comrs.,* 178 N. C., 39, the Court held that where the amendatory statute increasing the rate of interest from 5 per cent to 6 per cent was invalid, but the bonds had notwithstanding been voted at the election, the bonds issued at the rate of interest authorized in the prior statute would be valid. In the present case, the increased rate was authorized by a valid statute ratified before the issue of bonds was submitted to popular vote. The judgment of his Honor is

Affirmed.