SIMON SPRATT, *Plaintiff in Error,* v. J. H. GRAY, *Defend-ant in Error.*

Opinion Filed February 15, 1921.

Petition for Rehearing Denied March 14, 1921.

1. The statute (Chapter 7736, Acts of Extraordinary Session of the Legislature, 1918, Laws of Florida) designed, among other things, to make it unlawful for any person to engage in the manufacture, sale, barter, exchange or transportation of intoxicating liquors and providing for the forfeiture of personal property used in or to facilitate the violation of the provisions of the Act, does not authorize such forfeiture "when it shall be made to appear that the bona fide owner of such personal property was not concerned in such violation as principal in the first or second degree or accessory before or after the fact."

2. Under the statute (Chapter 7736, Acts of Extraordinary Session of the Legislature, 1918, Laws of Florida) the automobile of an innocent owner, although used in the unlawful transportation of intoxicating liquor, is not subject to forfeiture, and the forfeiture proceeding of which such owner has no notice is ineffectual to divest him of title to such automobile.

3. Where notice of forfeiture proceeding under the statute (Chapter 7736, Acts of the Extraordinary Session of the Legislature, 1918, Laws of Florida) is not given as required by the statute to the innocent owner of an automobile used in the unlawful transportation of intoxicating liquor and such owner does not appear therein as a party claimant or otherwise, such proceeding is ineffectual to divest the owner of his property in such automobile, and the purchaser at a sale in such proceeding acquires no title thereto which will entitle him to the possession of the automobile as against such owner.

A Writ of Error to the Circuit Court for Leon County; E. C. Love, Judge.

Reversed.

*W. J. Oven* and *S. H. Diamond,* for Plaintiff in Error;

*Fred H. Davis,* for Defendant in Error.

WEST, J.—In an action of replevin to recover the possession of one Ford automobile the verdict and judgment were for defendant and plaintiff took writ of error.

The plaintiff undertook in the trial to show his right of recovery by proof of his ownership and the invalidity of the proceeding under the provisions of Chapter 7736, Acts of 1918, by which the automobile was condemned and forfeited because of its alleged use in the unlawful transportation of intoxicating liquors. The bill of sale by which plaintiff acquired the ownership of the automobile was offered in evidence and the record of the forfeiture proceeding under which the defendant acquired possession of the automobile was also offered in evidence by the plaintiff.

The statute provides that automobiles and other personal property used to violate or to facilitate the violation of the law forbidding the manufacture, sale, barter, exchange, etc., of intoxicating liquors shall be seized and forfeited as therein provided. But it further also provides (Sec. 5, pp. 34, 35) that "no personal property of any kind or description used in, or to facilitate, the violation of any of the provisions of this Act, shall be forfeited as is in this Act provided when it shall be made to appear that the bona fide owner of such personal prop-

erty was not concerned in such violation as principal in the first or second degree or accessory before or after the fact."

The statute (Sec. 15, p. 43) enacts "that it shall be the duty of the Sheriff of the county, within ten days after the receipt of any such things, to make and subscribe to an affidavit in writing before some officer authorized by law to administer an oath, reciting such seizure, with the date, place and things seized, giving a reasonably full description thereof, *and the name of the alleged owner and person from whose possession same were taken,* if either or both be known to such Sheriff, and within ten days after the receipt of such things by the Sheriff, such Sheriff shall present such affidavit to the Judge of the Circuit Court of the county where such things were seized, and such Circuit Judge shall direct that such Sheriff *shall serve written notice upon such owner and person from whose possession such things were taken, if known,* and if he or they be within the county, of the time and place of the hearing upon such affidavit, which may be in term time or in vacation, and at any place within the Judicial Circuit as the Circuit Judge may fix, which notice shall be signed by the Circuit Judge citing such person or persons to appear and show cause, if any, why such things should not be adjudged forfeited and disposed of as in this Section provided. But if such Sheriff shall recite in his affidavit that such things were not taken from the possession of any person, association of persons, or corporation, or that the owner is unknown, or that either of such persons are without the county, conceals himself or themselves, or that personal service of such notice cannot be made by such Sheriff for any good reason, the Circuit Judge shall by written order direct that, in lieu of personal notice of such hearing to

any such person, that written notice of such hearing shall be posted at the County Court House door, directed to all persons interested in such things, and giving notice of such seizure, and of the date and place thereof, and a reasonable description of the things seized, and of the time and place of the hearing upon such affidavit, which notice shall be signed by the Circuit Judge." (Italics supplied.) It also provides (Sec. 15, p. 44) that "if any person shall appear at such hearing and claim the things and interpose any defense to such affidavit, the Circuit Judge shall determine whether the evidence adduced proves beyond a reasonable doubt that such things are forfeited, and make his written order accordingly."

The automobile in controversy was in possession of John Spratt and was seized by the Sheriff as being used in the unlawful transportation of intoxicating liquors. In the condemnation of the automobile the officer seizing it made affidavit that John Spratt was the owner of the automobile "and that there is no other person, firm or corporation known to your deponent who has or claims any right, title or interest in or to said property." Service of summons was made on John Spratt to appear and show cause why the property should not be forfeited. Simon Spratt, the owner of the automobile, so far as the evidence discloses, "was not concerned in such violation." He was subpoenaed as a witness in the condemnation and forfeiture proceeding, but he was not served with notice to appear and defend in said proceeding and he did not appear as a party claimant or otherwise. No affidavit was made that Simon Spratt owned the automobile or that the owner was unknown or that service of process could not be had on Simon Spratt, the owner, and no notice of the condemnation and forfeiture proceeding was published or posted at the courthouse door as re-

quired by the statute when the owner is not served with notice in the condemnation proceeding.

Under our statute the automobile of an innocent owner, although used in the unlawful transportation of liquor, is not subject to forfeiture, and a forfeiture proceeding of which such owner has no notice is ineffectual to divest him of title to such automobile.

The result is that Simon Spratt, the plaintiff, has not been given a legal opportunity to defend his property rights, and the condemnation and sale of his automobile was without authority and ineffectual to divest him of his ownership and title thereto. The court not having acquired jurisdiction of the owner, the forfeiture proceeding was void and the sale under such proceeding conveyed no title to the purchaser which would entitle him to the possesion of it as against the owner. State v. Hughes (Ala.) 82 South. Rep. 104; in re Gattina (Ala.) 84 South. Rep. 760; Bowling v. State (Ala.) 85 South. Rep. 500; One Packard Automobile v. State (Ala.) 86 South. Rep. 21; Smith v. Spencer-Dowler Co. (Ga.) 100 S. E. Rep. 651; Lang v. Hitt (Ga.) 102 S. E. Rep. 136; Matson & Healy v. State (Ga.) 103 S. E. Rep. 37; Mays v. Curry (Ga.) 103 S. E. Rep. 458.

In State v. Hughes, *supra,* in dealing with a statute similar in its substance and effect to our statute on this subject, the Supreme Court of Alabama said: "It is perfectly plain that the lawmakers intended to forfeit and confiscate only the property interest and right of those who were culpable as to its use in violating the law. It is not necessary to the forfeiture that the owner be guilty of the crime or offense of unlawfully transporting the liquors; but it is necessary that he be culpable or derelict in the use of his property in allowing it to be

used for an unlawful purpose. Why allow an owner to intervene and file his superior claim for the purpose of having it adjudicated, if the mere use of the property for the unlawful purpose by a wrongdoer without the consent of the owner, *ipso facto* forfeits it?

The Virginia case of Landers v. Commonwealth, 102 S. E. Rep. 778, and later Virginia cases (King v. Commonwealth, 102 S. E. Rep. 757; Pennington v. Commonwealth, 102 S. E. Rep. 758; Buchholz v. Commonwealth, 102 S. E. Rep. 760) are clearly distinguishable from this case. There the vehicle used in the illegal transportation of intoxicating liquor is held under the Virginia statute to be "the offending instrument," but under our statute "no personal property" used to facilitate a violation of the statute "shall be forfeited" when it is made to appear that the bona fide owner of such property "was not concerned in such violation." There "the question involved is not the innocence of the owner, but the guilt of the vehicle," but here, under our statute, if the bona fide owner of the vehicle is "not concerned in such violation" the vehicle cannot be held guilty.

This is not a case where property is leased to be used in a business that involves forfeitures for violations of law, as in Dobbin's Distillery v. United States, 96 U. S. 395, or United States v. Stowell, 133 U. S. 1. Nor is it a case where the claimant is a mere lien holder on the automobile.

We do not deal with the question of the power of the State to Confiscate property of an innocent owner used to facilitate any violation of the statute, for the reason that the statute does not attempt to authorize any such action.

Having determined that the forfeiture was void because of the failure to give legal notice to the owner of the automobile and that the purchaser at the sale under such proceeding acquired no title to the property which can be set up as a defense against replevin by the owner, it follows that the trial court erred in directing a verdict for defendant and that the motion for new trial should have been granted. For the error in overruling this motion the judgment must be reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.