(89 South, 273)
## ONE LIBERTY ROADSTER v. STATE ex rel. TATE. (6 Div. 277.)

(Supreme Court of Alabama. May 19, 1921.)

**1. Appeal and error ⬦1009(6) — No deference to finding of trial court where testimony not heard orally.**

It not appearing that the testimony in equity suit was heard orally by the trial court, its finding is not supported by any consideration of its superior facilities for estimating the credibility of witnesses.

**2. Intoxicating liquors ⬦247—Owner of car held not put on notice that borrower for transporting food might use it for liquor.**

One whose car was borrowed for the ostensible purpose of hauling food, in view of the fact that the borrower when borrowing it on previous occasions for such purpose had used it therefor, was not put on notice that the borrower might use it for illegal transportation of liquor, so as to allow of its condemnation on his so using it, though she knew of his having previously so used his own car.

**3. Intoxicating liquors ⬦247 — One's car not condemned on mere suspicion of his connivance in borrower's use for liquor.**

Mere suspicion of owner's connivance in use of his car by another in illegal transportation of liquor will not authorize its condemnation.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by the State of Alabama on relation of Joseph Tate, solicitor, for the condemnation of one Liberty roadster automobile, because used in the illegal transportation of prohibited liquors, with claim to the same by Mrs. M. I. Glass. From a decree of condemnation, claimant appeals. Reversed and rendered.

The petition alleges that the automobile was being used by Sam Howard and Ben Glass for the transportation of prohibited liquors; that Ben Glass is the husband of the claimant, etc. It is without dispute that the car in question was the property of Mrs. Glass, and that on several previous occasions she had loaned the car to Howard to haul feedstuffs to her farm in the country, which adjoined Howard's farm; that she lent it to him on this occasion for the same purpose, and had no actual knowledge that Howard's purpose was to use it illegally, and that she did not know that her husband was going with Howard on this occasion or errand. Her testimony and that of Howard's, if believed, would acquit her of any guilty participation in, or knowledge of, or negligence with respect to the illegal use of the car by Howard and her husband, and the only circumstance from which any conflicting inference might be drawn in rebuttal is in the fact that, about two months previ-

ous to this occasion, Howard carried about 10 gallons of whisky in a Ford car to Mrs. Glass' home, while she was present, and placed it in a room in the house, and was arrested then and there for that offense.

Thomas J. Judge, of Birmingham, for appellant.

Under the evidence, the court erred in rendering a judgment condemning the car, but should have rendered judgment for the claimant. 203 Ala. 90, 82 South. 104; 203 Ala. 517, 84 South. 760.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1] It does not appear that the testimony in this case was heard orally by the trial court, and hence the finding of that court is not supported by any consideration of its superior facilities for estimating the credibility of the testimony offered.

[2] In view of the proper and legal use made of this car by Howard on previous occasions, when borrowed by him from Mrs. Glass for the same ostensible purpose, we do not think she was put upon notice that he might use it differently and illegally on the occasion in question, merely because she knew of his previous offense in the use of his own car. The facts of this case, in substance and legal effect, are not distinguishable from those exhibited in the recent case of In re Gattina, 203 Ala. 517, 84 South. 760, wherein the evidence was held insufficient to support a decree of condemnation.

[3] While the law should be strictly enforced by the courts, it must not be so harshly administered as to work a condemnation of property upon the mere suspicion of its owner's connivance in its unlawful use.

Let the judgment of condemnation be reversed, and a judgment here rendered in favor of the claimant.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.