S. B. ARMSTRONG, *Appellant,* v. THE STATE OF FLORIDA, *Appellee.*

Opinion Filed April 28, 1923.

In proceedings to forfeit property used in the unlawful transportation of intoxicating liquors, where the evidence adduced does not as required by the statute prove beyond a reasonable doubt that the owner of property so used knew of or was concerned in such unlawful transportation, a judgment of forfeiture of the property will be reversed.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*Samuel B. Wilson,* for Appellant;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WHITFIELD, J.—This appeal was taken under the statute to an adjudication of the forfeiture of a Ford truck used in the unlawful transportation of intoxicating liquor. Secs. 5458, 5467, 5482, 5483, Rev. Gen. Stats.

The statute in Section 5467 provides that no personal property used in violation of the statute, shall be forfeited ''when it shall be made to appear that the bona fide owner of such personal property was not concerned in such violation as principal in the first or second degree, or accessory before or after the fact.'' It is also provided in Section 5483 that if in the forfeiture proceedings the property seized is claimed by another person than the one who was using it unlawfully, ''the Circuit Judge shall determine whether the evidence adduced proves beyond a reasonable doubt that such things are forfeited and make a written order accordingly.''

The Circuit Judge at the hearing in the forfeiture proceedings, ''upon the evidence then and there submitted * did then and there determine that the evidence adduced proves beyond a reasonable doubt that the said things so seized included said Ford truck so claimed by said Armstrong are forfeited,'' and so adjudicated.

The Circuit Court certified that the testimony stated in the record ''is the substance of all the testimony given in the cause.'' The testimony as stated in the record is ''that on the evening of the 11th of May, 1922, the Ford truck herein was seized by deputy sheriffs of Duval County, on the public highway in the White House section of Duval

County. That the seizure was made because a resident of the White House section had previously given one of the deputies the license number of the truck, and told him that it was regularly engaged in transporting moonshine whiskey. That one C. F. Stokes, whose name appears above, was in charge of and operating said truck at the time of seizure. One Claud Sweat was with Stokes and both were placed under arrest by the officers, charged with the unlawful transportation of intoxicating liquors. Said Ford truck at the time of said seizure contained among other things 120 gallons of liquid which said liquid the officers testified was 'moonshine whiskey,' a large part of which was thrown from the truck while the officers were pursuing it. There was no attempt on the part of any of the witnesses to give to the Court the percentage of alcohol contained in said liquid and no chemical analysis was offered the court to show the properties contained in said liquid. Stokes testified that he was in charge of and operating the said Ford truck at the time of seizure. That he had obtained 120 gallons of liquid from a person representing himself as a United States Deputy Marshall who halted him on the road and asked him to haul it, and was merely transporting the same for said supposed officer. Stokes further testified that the said Ford truck was the property of one S. B. Armstrong, his uncle, the claimant herein, that he (Stokes) was an employee of the said Armstrong and engaged in agricultural pursuits, that the said Armstrong had not at any time authorized him (Stokes) to use the said truck for the unlawful transportation of intoxicating liquor, but that he (Stokes) used the said truck on this occasion without the knowledge or consent of the said Armstrong, that Armstrong had nothing to do with the unlawful transportation of liquor, and did not

know and could not have known that said truck was being used for the unlawful transportation of liquor.

"S. B. Armstrong, the claimant herein, testified that the said Ford truck was his property and made claim for the return of said truck. That he was in no way concerned in the unlawful transportation of liquor, that he had not expressly or impliedly authorized said Stokes to use said truck for the unlawful transportation of intoxicating liquors, that he had not in any manner participated in such alleged unlawful transportation of liquor, either as principal or accessory, and that he had never had any knowledge that said truck was so being used until the same was seized by the officers, and he was officially notified by the Court.

"There was no dispute about Armstrong's title to the truck."

While the evidence as to the intoxicating character of the liquor, shown to be "moonshine whiskey," is, in view of the statute, ample to sustain a forfeiture of property belonging to the persons who were using it in the unlawful transportation of intoxicating liquors or beverages, yet the testimony does not afford a sufficient legal basis for an adjudication that "the evidence adduced proves beyond a reasonable doubt that the "Ford truck is forfeited because S. B. Armstrong, the owner of it, was concerned in the violation" of the statute either "as principal in the first or second degree, or accessory before or after the fact," within the requirements of the statute which should be substantially if not strictly followed in adjudicating a forfeiture of property belonging to persons who were not in fact using it in violation of law.

Reversed.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur.

WEST, J., specially concurs.

WEST, J., concurring.

The claimant in this proceeding, S. B. Armstrong, by sworn answer to the rule to show cause, averred his exclusive ownership of the seized Ford truck; denied any participation, directly or indirectly, in the use of the truck in the transportation of intoxicating liquors; denied that he had consented to or had any knowledge that it was to be used for that purpose, and averred that if it was so used it was without his consent. According to the certificate of the trial judge, the claimant, upon the hearing, testified in substance as follows: ''That the said Ford truck was his property and made claim for the return of said truck. That he was in no way concerned in the unlawful transportation of liquor, that he had not expressly or impliedly authorized said Stokes to use said truck for the unlawful transportation of intoxicating liquors, that he had not in any manner participated in such alleged unlawful transportation of liquor, either as principal or accessory, and that he had never had any knowledge that said truck was so being used until the same was seized by the officers, and he was officially notified by the Court.'' This evidence was not contradicted, but was corroborated by the person in possession of the truck at the time of the seizure. There was no other evidence.

Upon this showing the forfeiture was unauthorized and the judgment should be reversed on authority of Spratt v. Gray, 81 Fla. 200,.87 South. Rep. 760.