### LIGER v. STATE ex rel. ORME, Solicitor.

#### 4 Div. 849.

Supreme Court of Alabama.

May 14, 1936.

356

J. L. Giddens, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

FOSTER, Justice.

The evidence was that a deputy sheriff telephoned to this appellant and requested him to bring "two" of "Old Quaker" to the community store. The witness and two other officers met the car of appellant and gave chase extending some 44 miles to another city, when he was overtaken and arrested. The cars traveled at the rate of 70 to 75 miles per hour, and traveled that distance in about 35 minutes. A bottle was thrown from appellant's car soon after the chase began. At or near the place one was picked up by the officers later that night, and it was labeled "Old Quaker," and had a few drops of whisky in it. The car had, when overtaken, some wet spots on the floor, and there was an odor of whisky, and on the way some liquid was blown from appellant's car and spattered on that of the officers following it. Two boys, about grown, were in the car of appellant, and they denied that there was any whisky in it or thrown from it. Appellant did not testify. The evidence was given orally in open court, and the car was ordered condemned under section 4778, Code, as amended by Acts 1927, p. 715.

The finding on a trial so had is, on appeal, as though there was verdict by a jury.

The car undoubtedly traveled from one point to another in this state. We think, from the circumstances we have related, a jury, or judge trying without a jury, could indulge a reasonable inference that appellant transported whisky in the car on that occasion. Such was the finding of the judge so trying, and therefore the decree of the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.