35 So.2d 113

### STEPHENS v. STATE.

6 Div. 698.

Supreme Court of Alabama.

April 29, 1948.

DeGraffenried & McDuffie, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

LAWSON, Justice.

This is a proceeding in equity instituted by the State on relation of the Solicitor of the Circuit Court of Tuscaloosa County, under the authority of § 247 et seq., Title 29, Code of 1940, to condemn one Willys (Jeep) automobile alleged to have been used in the illegal transportation of whisky.

From a decree of condemnation, Cleave Stephens, owner of the car and defendant in the cause, has prosecuted this appeal.

The evidence shows conclusively that on February 10, 1947, Stephens, a resident of Tuscaloosa County, purchased twenty-four bottles of whisky at a State liquor store

located in Greene County. This whisky, bearing the proper State and Federal tax stamps, was placed in the "jeep" and was transported therein into Tuscaloosa County, which is a dry county. An agent of the State Alcoholic Beverage Control Board arrested Stephens and seized the whisky and the "jeep" in Tuscaloosa County.

There is no contention made here that the "jeep" was not subject to condemnation under the law which was in effect at the time of the seizure. § 247 et seq., Title 29, Code of 1940.

Subsequent to the date of seizure and prior to the decree of condemnation, § 247, Title 29, supra, was amended, Act No. 129, H. 115, General Acts 1947, p. 39, by adding thereto the following provisions: "Provided, however, that if said prohibited liquors or beverages shall have been purchased through the State liquor stores, or shall bear the stamp of the Alabama Alcoholic Beverages Control Board, no such conveyance, vehicle or animal shall be confiscated or forfeited unless the Court shall be convinced from the evidence that the said prohibited liquors or beverages were being transported for the purpose of re-sale, contrary to law. That the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for resale."

It is the insistence of appellant that the law in force at the time this matter came on for trial fixed the powers of the trial court as to the disposition to be made of this motor vehicle and that since the whisky was purchased at a State liquor store and bore the proper stamps, and there was no evidence that it was being transported for resale, the trial court erred in its decree of condemnation.

We cannot agree with this contention. The proceeding instituted by the Solicitor in this case was for the enforcement of a forfeiture, and since the act approved July 17, 1947, amending § 247, Title 29, supra, does not contain language indicating that it was to have retroactive effect, the law in force at time of seizure controls.

This conclusion is in accord with the provisions of § 11, Title 1, Code of 1940, which is as follows: "No repeal, revision, amendment, or alteration of any law shall in any manner affect any prosecution for an offense committed under the law so repealed, revised, amended, or altered, unless the repealing, revising, amending, or altering law shall otherwise expressly provide; but every such prosecution, whether begun before or after the enactment of such repealing, revising, amending, or altering law, is governed by the law under which the offense was committed; but in cases where the penalty for the offense may have been altered, the defendant may elect to take the new penalty, but such election must be made before the case is submitted to the jury; *nor shall the prosecution for the recovery of any penalty, or the enforcement of any forfeiture, be in any manner affected by the repeal or amendment of a statute, but such prosecution shall be carried on to final judgment in all respects as if such statute had not been repealed or amended."* (Emphasis supplied)

The above disposes of the only question argued in brief of counsel for appellant. It results, therefore, that the decree appealed from is free from error and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.