46 So.2d 410

### DEERMAN v. STATE ex rel. BAINS.

### 6 Div. 48.

Supreme Court of Alabama.

May 18, 1950.

Scruggs & Scruggs, of Guntersville, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for appellee.

LAWSON, Justice.

The State of Alabama, by and through the Solicitor of the 27th Judicial Circuit, filed a complaint in the circuit court of Blount County, in equity, against Charles O. Smith and one Ford automobile, under the provisions of § 247 et seq., Title 29, Code 1940, as amended, and prayed for the condemnation and forfeiture of said automobile.

Lillie Deerman, the appellant, intervened by petition, claiming ownership of the automobile and alleging that if the automobile was used by Smith for the purpose of illegally conveying or transporting prohibited liquors or beverages in this state, "that said transportation or conveyance was without your Petitioner's knowledge, consent, concurrence or authority, and that your Petitioner had no knowledge of any facts which would have let [sic] her to believe that Charles O. Smith was going to use said automobile for the illegal conveying or transporting of prohibited liquors or beverages as alleged in the petition for condemnation."

The trial court denied the claim of the intervening claimant and ordered a condemnation and forfeiture of the automobile. From that decree the intervening owner has appealed to this court.

The evidence was not taken orally before the trial court; hence we indulge no presumption as to findings of fact.

It is without dispute in the evidence that on February 3, 1949, Charles O. Smith transported seven cases of Seagram's whisky, six pints of Paul Jones whisky, and one case of beer, in the automobile over the roads and streets of Blount County, a dry county. The automobile did not belong to Smith. It was the property of the appellant, Lillie Deerman. She was not in the car at the time it was seized. The only person in the car with Smith at that time was one Marie Beck.

Section 247, Title 29, Code 1940, as amended, General Acts 1947, p. 39; 1947 Cum. Pocket Part, Title 29, p. 212, reads as follows: "All conveyances and vehicles of transportation of any kind, whether on the waters of the state, under the waters, on land, or in the air, which have been or are used for the illegal conveying of any prohibited liquors, or beverages, into this state, or from one point in the state to another point within the state, including any animals that may be used in such transportation, whether hitched or not hitched to any vehicle so illegally used, together with all har-

ness and other accessories employed in such illegal transportation, shall be contraband and shall be forfeited to the state of Alabama, and shall be seized by any sheriff or any other person acting under authority of law in the enforcement of the prohibition laws of the state, who becomes cognizant of the facts, or who finds liquor being illegally transported as aforesaid in such vehicles or conveyances or on any such animal, and such officer or person shall report the seizure and the facts connected therewith to the solicitor or any prosecuting official in the county where seizure is made or, in default thereof, to the attorney general of the state. And, in order to condemn and confiscate any of the above mentioned vehicles or animals, it shall not be necessary for the state to show any actual movement of said vehicles or animals while loaded with any of said prohibited liquors or beverages. *Provided, however, that if said prohibited liquors or beverages shall have been purchased through the state liquor stores, or shall bear the stamp of the Alabama alcoholic beverages control board, no such conveyance, vehicle or animal shall be confiscated or forfeited unless the court shall be convinced from the evidence that said prohibited liquors or beverages were being transported for the purpose of re-sale, contrary to law. That the owner or operator of said vehicle has a reputation of being a seller of prohibited liquors shall be prima facie evidence that such liquors or beverages were being transported for resale."* (Italics supplied.)

Counsel for appellant argues that the order of condemnation and forfeiture is erroneous for the reason that the evidence is insufficient to show that the prohibited liquors or beverages were being transported for the purpose of resale, contrary to law. But it is only necessary for the evidence to show that such was the purpose of the transportation when it is made to appear from the evidence that the prohibited liquors or beverages were purchased through the State liquor stores, or bore the stamps of the Alabama Alcoholic Beverages Control Board.

The only evidence in this case as to where Smith purchased the prohibited liquors or beverages is his statement that the "whisky" was purchased "at three different liquor stores in Birmingham." He did not testify that the whisky was purchased at three different *State* liquor stores. There is no evidence as to the whisky bearing the stamps of the Alabama Alcoholic Beverages Control Board.

There was a case of beer in the automobile. Beer is a prohibited beverage in dry counties. Woods v. State ex rel. Key, 247 Ala. 155, 22 So.2d 901. Beer is not sold through the *State* liquor stores; hence even if Smith's statement that he purchased the "whisky" at three different liquor stores in Birmingham be considered to be sufficient to show that such stores were *State* liquor stores, it cannot be construed as showing that the beer was purchased there. Since there is no evidence that the beer bore the stamps of the Alabama Alcoholic Beverages Control Board, the validity of the order of condemnation and forfeiture is not dependent upon the evidence showing that it was being transported for the purpose of resale, contrary to law.

We proceed, therefore, to review the action of the trial court without considering further the italicized part of § 247, Title 29, Code 1940, as amended, supra, which relates to the condemnation and forfeiture of vehicles transporting prohibited liquors or beverages which have been purchased through State liquor stores or which bear the stamps of the Alabama Alcoholic Beverages Control Board.

■ As before indicated, it was without dispute in the evidence that the car belonged to Lillie Deerman, the intervening claimant. She met the burden which was upon her in this respect. However, where, as here, the evidence shows that the owner of the car was not present at the time it was seized for transporting prohibited liquors or beverages in a dry county, the burden rests upon the owner to establish that he or she had no knowledge or notice of the illegal use of the vehicle, and could not by reasonable diligence have obtained notice thereof to prevent that illegal use. Anderson v. State ex rel. Dorman, 246 Ala. 468, 20 So.

2d 864, and cases there cited; Snyder v. State, 247 Ala. 278, 24 So.2d 266.

Lillie Deerman lived in Marshall County a few miles from Guntersville. Smith also lived in that county, where the evidence shows he was engaged in farming. For a period of several months prior to the time the car was seized, Smith was a boarder in the home of Mrs. Deerman, although he spent about half of his time in his brother's home.

Mrs. Deerman and Smith both testified that Mrs. Deerman had no knowledge of the fact that prohibited liquors or beverages were being transported in the automobile or that when Smith borrowed the car from Mrs. Deerman that he intended to use it for that purpose. Both of them testified that Mrs. Deerman loaned the car to Smith at about eight o'clock on the morning of February 3, 1949, at his request and on his representation that he was going to use it to go to Gadsden. According to Mrs. Deerman and two other witnesses who said they were present when Smith asked permission to use the automobile, Smith requested its use for the purpose of going to Gadsden "to see about buying a truck" and promised to return the automobile at about two or three o'clock in the afternoon.

While evidence for the claimant tends to show that Smith, the driver of the automobile, did not have the reputation of being a bootlegger or a seller of prohibited liquors or beverages, it does appear in the evidence that he had been twice convicted of violating the prohibition laws. One conviction was within a year prior to the time of the seizure of the automobile here in question, and this fact was known to the claimant. He was convicted of possessing approximately a case of beer and was at that time in the company of a known bootlegger. Smith, according to his own admission, was a heavy drinker. As before indicated, he lived in the home of Mrs. Deerman.

There is evidence to the effect that the claimant did not bear the reputation of being a bootlegger or seller of intoxicating liquors or beverages. However, the chief of police of Guntersville testified that a number of reports had been made to the effect that she was "bootlegging." However, he stated that she had not been convicted of selling prohibited liquors or beverages. On the other hand, the evidence shows that the claimant had twice plead guilty to violating the prohibition laws and on one occasion her husband, with whom she lived, had also been convicted of violating the prohibition laws. It appears that the home of Mr. and Mrs. Deerman was frequently used as a drinking place by their friends.

Counsel for appellant strongly insists that under the holdings of this court in the cases of In re Gattina, 203 Ala. 517, 84 So. 760, and One Liberty Roadster v. State ex rel. Tate, 206 Ala. 110, 89 So. 273, the order of condemnation and forfeiture must be vacated. The holding in the last case cited was predicated on that in In re Gattina, supra. The facts in those cases do bear some analogy to those in the instant case, but in neither of those cases does the evidence connect the claimant with whisky as it does in this case.

All the evidence in this case has been given most careful consideration and we are of the opinion that the proof strongly tends to show an understanding, if not a confederation, on the part of the claimant and Smith concerning the use of prohibited liquors or beverages. Glover v. State, 205 Ala. 446, 88 So. 437.

Certainly we think that under the evidence sufficient notice is to be attributed to claimant to stimulate inquiry as to the intended use of the automobile, and that the evidence is insufficient to acquit claimant of negligence or fault, which burden was upon her. Koger v. State, 215 Ala. 319, 110 So. 573; Parker v. State, 219 Ala. 362, 122 So. 464; Anderson v. State ex rel. Dorman, supra.

The decree of condemnation and forfeiture will be here affirmed.

Affirmed.

FOSTER, SIMPSON, and STAKELY, JJ., concur.