74 So.2d 606

**Esther BRANDON**

**v.**

**STATE.**

**8 Div. 749.**

Supreme Court of Alabama.

Aug. 30, 1954.

Scott, Dawson & Scott, Scottsboro, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for appellee.

LAWSON, Justice.

The State of Alabama, by and through the county solicitor of Jackson County, filed a complaint in the circuit court of Jackson County, in equity, against E. E. Brandon and one Dodge automobile, under the provisions of § 247 et seq., Title 29, Code 1940, and prayed for the condemnation and forfeiture of said automobile.

Mrs. Esther Brandon, the appellant here, who is the wife of E. E. Brandon, intervened by petition wherein she claimed ownership of the automobile, and averred that she "had no knowledge of the illegal use of said automobile by the respondent, E. E. Brandon, or by anyone else, and could not, by reasonable diligence, have obtained knowledge or notice of the illegal use of said automobile by said respondent."

The trial court denied the claim of the intervening claimant and ordered a condemnation and forfeiture of the automobile. From that decree the intervening owner has appealed to this court.

The evidence was not taken orally before the trial court; hence we indulge no presumption as to findings of fact.

It is without dispute in the evidence that on February 4, 1947, E. E. Brandon transported whiskey and wine in the automobile over the roads of Jackson County, a dry county. The automobile was seized on that date. The bottles in which these beverages were contained bore the proper State stamps and the evidence shows that the beverages had been purchased at a State liquor store located in Madison County. The evidence also shows that E. E. Brandon was fully aware of the presence of the whiskey and wine in the automobile.

We are not concerned here with the provisions of the Act approved July 17, 1947, amending § 247, Title 29, supra, inasmuch as the seizure of the automobile occurred prior to the effective date of that act. The law in force at time of seizure controls. Stephens v. State, 250 Ala. 478, 35 So.2d 113.

The State having proved without dispute that prohibited liquors were being illegally transported in the automobile by E. E. Brandon at the time it was seized, the burden of proof was then shifted to the intervening claimant, Mrs. Esther Brandon, (1) to establish her superior title thereto, and (2) to prove that she had no knowledge or notice of the illegal use of the automobile or could not by reasonable diligence have obtained knowledge or notice thereof to prevent the illegal use. Lee v. State ex rel. Hare, 259 Ala. 455, 66 So.2d 881, and cases cited.

The trial court found as follows:

"* * * It further appears from the testimony that Mrs. Esther Brandon, the wife of E. E. Brandon was the owner of said automobile; and that her husband E. E. Brandon had the right to the use of the automobile on any occasion desired by him. In 1942 Mr. Brandon was charged with transporting liquors in this same automobile which belonged to the wife and it was proved that he was actually acting in violation of the law, but upon intervention of the wife the car was released to her because there were no facts in the testimony to put her on notice of any illegal action on the part of her husband. This is not the case now. The Court feels that the former proceeding was ample notice to her of

the likelihood that her husband might again use the automobile for illegal purposes and in the opinion of the court her claim of intervention should be denied and the car condemned and sold."

Mrs. Brandon cannot drive an automobile, but the evidence in this case supports no conclusion except that the automobile in question was actually bought and paid for by her partly out of money inherited from her father.

The automobile was returned to Mrs. Brandon after its seizure in 1942 and she continued to permit her husband to use it whenever he requested its use. Her son and friends also drove the car from time to time. Although her husband used the car on many occasions subsequent to its seizure in 1942, there is nothing in this record to show any improper or illegal use of the automobile by him until the seizure on February 4, 1947; nor does the record show any conduct on the part of E. E. Brandon subsequent to the 1942 seizure such as to put claimant upon notice that he might use the car illegally on February 4, 1947, when Mrs. Brandon gave her consent to the use of the automobile for legal purposes.

In view of the long period of time during which E. E. Brandon apparently made proper and legal use of the automobile after the 1942 incident, we do not think that claimant was put upon notice that he might use it differently and illegally, merely because she knew of his previous offense in 1942. The facts of this case, in substance and legal effect, are not distinguishable from those exhibited in the case of One Liberty Roadster v. State ex rel. Tate, 206 Ala. 110, 89 So. 273, wherein the evidence was held insufficient to support a decree of condemnation.

Let the decree of condemnation be reversed, and a decree here rendered in favor of the claimant.

Reversed and rendered.

SIMPSON, STAKELY and MERRILL, JJ., concur.