89 So.2d 686

### Ellie RENO

#### v.

### STATE of Alabama ex rel. George C. JOHNSON, Solicitor, etc.

### 8 Div. 874.

Supreme Court of Alabama.

Sept. 13, 1956.

———◆———

Noble J. Russell, Decatur, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for appellee.

LAWSON, Justice.

This is a proceeding in equity instituted by the State on relation of the Solicitor of the Eighth Judicial Circuit under the authority of § 247 et seq., Title 29, Code 1940, as amended, to condemn one Ford automobile alleged to have been used in the illegal transportation of prohibited liquor.

From a decree of condemnation, Ellie Reno, owner and operator of the automobile and defendant in the cause, has prosecuted this appeal.

The case was tried upon testimony taken orally before the trial court. The case rested upon the testimony of the sheriff of Morgan County and that of the man who was his chief deputy on October 31, 1955, the day on which the illegal transportation is said to have occurred. Both of those witnesses were called by the State. The defendant offered no testimony.

At about 5 o'clock on the morning of October 31, 1955, the car in question was seen by the witnesses as it was being driven on a road in Morgan County. Two people were in the car but they were not recognized. When the car was first observed its lights were burning. After passing the point where the deputy sheriff was on lookout, the lights on the car were turned off. Approximately twenty minutes after the car passed, these witnesses and another officer drove in the sheriff's car in the direction in which the condemned car had been moving. After driving approximately one-half mile the witnesses came upon two automobiles parked in the road, a Chevrolet car owned by Elmer Lindsey, in which his wife and young daughter were sitting, and the automobile here involved, in which Ellie Reno was sitting. The Reno car was parked immediately behind the Lindsey car. Both cars were facing in the opposite direction from that in which the Reno car was moving when it was seen first by the witnesses.

The witnesses examined the Reno car. The back seat was out. There were several imprints on the floor coverings which the officers stated in their best judgment had been made by five-gallon G.I. cans. A liquid substance was on the floor of the car which smelled like moonshine whiskey.

Near the point where the Lindsey and Reno cars were parked, one of the witnesses saw Elmer Lindsey lurking in the woods close to the road and gave chase. Other officers joined in and Lindsey was captured. The pursuit of Lindsey led to the discovery of yet another automobile, a 1939 Chrysler in which one Vaughn was sitting. The Chrysler was in a wooded area. In the Chrysler the witnesses found eleven five-gallon G.I. cans filled with moonshine whiskey. One full can was on the ground near the Chrysler. The distance from the Lindsey and Reno cars to the Chrysler was but eighty yards on a direct line through a heavily wooded area, but was approximately 200 yards by a road which followed a circuitous course between the two points. There were tire tracks indicating that the Reno car had been driven close alongside the Chrysler, then turned around and driven back in the opposite direction and parked behind the Lindsey automobile.

We think from the circumstances we have related, the trial judge could indulge a reasonable inference that appellant transported moonshine whiskey in the condemned automobile on that occasion. Such

was the finding of the judge so trying, and therefore the decree of the court below must be affirmed. See Liger v. State, ex rel. Orme, 232 Ala. 355, 168 So. 138; Willis v. State, ex rel. Orme, 234 Ala. 642, 176 So. 612.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.