133 So.2d 889

**James R. MADDOX et al.**

**v.**

**STATE of Alabama.**

**7 Div. 441.**

Supreme Court of Alabama.

Sept. 14, 1961.

Rehearing Denied Nov. 2, 1961.

Jas. Noel Baker, Opelika, and Love & Hines, Talladega, for appellants.

MacDonald Gallion, Atty. Gen., and Jos. D. Phelps, Asst. Atty. Gen., for appellee.

COLEMAN, Justice.

.This is an appeal by intervenors from a decree of the circuit court, in equity, ordering condemnation of a truck and 600 cases of beer as contraband. One intervenor is owner of the truck and the other is owner of the beer.

It is not controverted that the truck, when seized, was being used in transporting the beer in Talladega, a dry county. Neither intervenor was present. The truck driver was the agent or servant of intervenors, or of one of them.

Appellants contend that one of them, the truck owner, Maddox, had leased the truck to the other appellant, Adams, who was a duly licensed beer distributor in Madison, a wet county; that Adams had legally purchased the beer from a licensed distributor in Houston, another wet county; that the truck owner had instructed the truck driver to pick up the beer at Dothan and deliver it to Adams' place of business in Huntsville; that the Alabama Alcoholic Beverage Control Board had authorized the transportation of the beer from Dothan to Huntsville; and that the beer was not being illegally transported.

The State offered in evidence proof of a statement made to the sheriff by the truck driver after he was arrested. The driver's statement is to the effect that he had been instructed to deliver the beer to a man in St. Clair, a dry county, as he had previously done with other loads of beer.

The appellants argue that the decree of condemnation is in error because there is no legal evidence to support a finding that the beer was being illegally transported in Talladega County. Appellants assert, and we think correctly, that the only evidence to support a finding that the beer was being transported for illegal delivery in a dry county was the evidence as to the statement made by the truck driver, out of court and outside the presence of the intervenors, to the effect that he, the truck driver, had been instructed to deliver the beer in St. Clair County, a dry county. Appellants argue that the statement of the driver was not admissible against the intervenors because the statement was hearsay and was not within the scope or execution of the driver's authority as an agent of intervenors, or either of them.

We pretermit consideration of appellant's contention with respect to the driver's statement, however, because there is another reason, as argued by appellee, to support the finding that the beer was contraband. The transcript is silent as to whether or not the beer bore the stamps, crowns or lids evidencing the payment of the vinous or malt tax to the State as required by law.

Section 36, Title 29, Code 1940, as amended by Act No. 614, 1951 Acts, page 1060, recites in pertinent part as follows:

"It shall be unlawful:

*       *       *       *       *       *
"(9)   *   *   *   for any person to transport vinous or malt or brewed beverages   *   *   *   within this state unless there shall be affixed to the original container in which such   *   * beverages   are   transported,   stamps, crowns or lids evidencing the payment of the vinous or malt tax to the state.
*   *   *

*       *       *       *       *       *

"Any alcoholic beverages so possessed, maintained or kept shall be contraband and subject to condemnation and confiscation as provided for by law."

Section 49, Title 29, Code 1940, provides that:

"All alcoholic beverages enumerated and defined in this chapter, or other products taxable under this chapter, found at any point within the State of Alabama, when said alcoholic beverages or products shall have been within the State of Alabama for a period of two hours, or longer, in possession of any retailer, or for a period of thirty-six hours or longer, in possession of any wholesaler or distributor not having affixed to the package as defined in this chapter the stamps, crowns or lids as provided by law, are hereby declared to be contraband goods and the same may be seized * * *. Any vehicle not a common carrier, which may be used for the transportation for the purpose of sale of unstamped articles as enumerated in this chapter shall likewise be subject to confiscation and sale in the manner as above provided for goods, wares or merchandise without stamps, crowns or lids. Should any alcoholic beverages without stamps, crowns or lids as enumerated and defined in this chapter be found in any vehicle which is engaged in the sale, distribution or delivery of taxable alcoholic beverages, the same shall be prima facie evidence that it was there for sale."

In a suit to condemn an automobile used for transporting prohibited liquors, this court said:

" * * * Since there is no evidence that the beer bore the stamps of the Alabama Alcoholic Beverages Control Board, the validity of the order of condemnation and forfeiture is not dependent upon the evidence showing that it was being transported for the purpose of resale, contrary to law." Deerman v. State ex rel. Bains, 253 Ala. 632, 634, 46 So.2d 410, 412.

In the instant case, the State proved that the beer was being transported in this State in the condemned truck. Under the holding in Deerman v. State, supra, intervenors then had the burden of proving that the transportation was not illegal. Whatever may have been the proof as to the origin and destination of the beer, there was no showing that the beer bore the stamps required by law. Under the statute, the beer was contraband unless it bore the required stamps or was exempt therefrom for one of the reasons recognized by the statute. Intervenors failed to support the burden of proof resting on them to show that the beer was properly stamped, or was exempt from stamping when seized, and, therefore, the decree of condemnation was not in error and is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.