This case involves two civil cases for the same cause of action which were pending at the same time against the same defendants, the Martins. *Page 789 
C S Construction Company, the plaintiff, first sued the Martins in the district court. Subsequently, it filed in the circuit court a second civil action against them for the same transaction. The Martins moved to dismiss the circuit court case, which motion was grounded upon the following code provision:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
§ 6-5-440, Code of Alabama 1975.
Later, the district court complaint was voluntarily dismissed, without prejudice by the district court, upon motion of the plaintiff's attorney. Several months thereafter the circuit court, in substance, granted the Martins' motion to dismiss the circuit court case.
The most recent supreme court decision upon this subject states:
 "In this jurisdiction the rule is that a motion to dismiss (formerly a plea in abatement) will be granted where defendant moves to dismiss plaintiff's second action for the same cause, even though plaintiff dismissed his first action after the motion to dismiss was filed. Ford v. Bowden, 243 Ala. 334, 9 So.2d 906 (1942)"
Terrell v. City of Bessemer, 406 So.2d 337, 340 (Ala. 1981).
The plaintiff here argues that courts should stop searching for justification for that rule and change their interpretation thereof to a rule of reason as originally intended by the statute. Be that as it may, this court does not possess the authority to overrule any decisions of the supreme court, whose decisions govern the holdings of the courts of appeal. Jones v.City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972); §12-3-16, Code of Alabama 1975. We are bound to follow the most recent decision of the supreme court as reiterated by the Terrell
case, supra.
Jurisdiction was invoked over the cause of action by the filing of the initial complaint in the district court. Therein, the plaintiff sued for $5,000 and interest, which exceeded the $5,000 jurisdictional limit in the district court. § 12-12-30, Code of Alabama 1975. Viable solutions were available to the plaintiff. It could have amended the district court complaint so as not to exceed the jurisdictional monetary limit of the district court, and, thereafter, if an appeal was taken to the circuit court by either party from a district court final judgment, the last two sentences of Rule 13 (j), A.R.Civ.P., would have applied regarding any limits on the amount of the recovery which the plaintiff could then claim and obtain. Harper v. RegencyDevelopment Co., 399 So.2d 248, 254 (Ala. 1981); Hardy v. Tabor,369 So.2d 559 (Ala.Civ.App.), cert. denied, 369 So.2d 561 (Ala. 1979). Or the plaintiff could have first dismissed the district court case and thereafter filed its action anew in the circuit court so as not to conflict with any current judicial interpretation of § 6-5-440, supra.
However, the procedure which was followed by the plaintiff violated the Alabama rule as was most recently re-echoed inTerrell, supra, and we must affirm the action of the circuit court in dismissing the plaintiff's civil action in that court.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 790