HOLMES, Judge.
This is a vehicle condemnation case.
After an ore terms hearing, the trial court ordered the forfeiture of the owner’s 1971 Ford truck for its involvement in transporting prohibited beverages. The owner through able counsel appeals and we affirm.
The dispositive issue on appeal is whether the evidence supports the trial court’s decree condemning the owner’s vehicle.
Viewing the record with the attendant presumptions accorded the trial court’s action, the following facts are relevant:
A.B.C. agents accompanied by Morgan County deputy sheriffs executed a search warrant for prohibited liquor at a rural residence in Morgan County. The law enforcement officials arrived at the residence just in time to see and hear a red and white truck start up and leave down a dirt road that ran behind the house. The officers could not see the driver at this time.
The law enforcement agents were prevented from giving chase in their vehicle by an abandoned automobile blocking the road. Consequently, one of the officers pursued the fleeing truck on foot cutting off corners through the woods to keep the truck within a reasonable distance. The officer would lose sight of the truck from time to time as it rounded curves and bends in the road, but by following the sound of the truck and running through the woods instead of following the contours of the road, he was able to stay close enough to come up on the truck when it stopped in the road.
The officer was relatively close to the truck when he came up on it from out of the woods and around a curve. The officer could clearly see a man who turned out to be the owner of the truck standing in the bed of the vehicle throwing out cartons of beer. The owner then jumped in the truck and drove away. As the pursuing officer passed the place where the truck had stopped, he saw beer in a stack on the side of the road. He didn’t notice the exact amount, but the officer testified at trial that it was a sizable stack.
The owner was apprehended by the diligent deputy a short distance down the road when the .owner-driver again stopped the truck and got out for certain reasons of a personal nature.
Within a few minutes of the capture of the owner, the truck and the beer were recovered. There were six cases of beer, over five gallons.
The Code of Alabama, § 28-4-115 (1975), prohibits the transportation of prohibited beverages in quantities of five gallons or more. A person nineteen years old or older is allowed possession of a maximum of two cases of tax-paid beer in a dry county. Ala.Code § 28-1-3 (1975).
It is clear from the evidence in this case that the beer in question was more than five gallons and certainly more than two cases. The owner was the only one seen in the truck; he was seen throwing out the beer which was recovered almost immediately. This incident occurred in Morgan County, a dry county. There was no evidence that the beer had Alabama tax paid on it, but as mentioned above the beer was, in any event, more than two cases and over five gallons.
It can be seen from the above that the state has made a prima facie case, unrebutted by the owner, showing the violation of § 28-4-115, Ala.Code (1975), pro *357 hibiting the transportation of illegal beverages. Therefore, the seizure, condemnation and forfeiture of the 1971 Ford truck was proper and supported by the evidence. Ala.Code §§ 28-4-284 and -285 (1975); Reno v. State, 265 Ala. 60, 89 So.2d 686 (1956); Liger v. State, 232 Ala. 355, 168 So. 138 (1936).
The owner also raises an issue on appeal as to the state’s burden of proof in certain areas in condemnation cases. Specifically, the owner contends that the state should be required to prove as part of its condemnation case whether or not the illegal beverages in question had been purchased through state liquor stores and whether the state A.B.C. stamp was affixed to the liquor.
To resolve this issue in favor of the owner would require this court to reverse Deerman v. State, 253 Ala. 632, 46 So.2d 410 (1950). The owner, through able counsel, specifically requests this court to overrule Deerman. This court does not possess the authority to overrule any decision of the supreme court; the decisions of the supreme court govern the holdings of the courts of appeal. Ala.Code § 12-3-16 (1975); Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972); C & S Construction Co. v. Martin, 420 So.2d 788 (Ala.Civ.App.1982). Hence, we must follow the law set forth in Deerman. We should not be understood that even if this court had the authority to reverse the holding of Deerman we would do so.
In view of the foregoing, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J„ concur.