STEAGALL, Justice.
This is an appeal from a summary judgment entered in favor of AmSouth Bank and from the denial of Nancy Rodgers’s motion to consolidate.
On September 25, 1982, Rodgers purchased an automobile from Treadwell Imports, Inc., and entered into a security agreement, which was subsequently assigned to First National Bank of Mobile, now AmSouth Bank, N.A. (hereinafter called “AmSouth”). The automobile itself was listed as collateral securing Rodgers’s debt. In February 1985, Rodgers defaulted on her debt to AmSouth; AmSouth repossessed the car and sold it to help satisfy her debt.
In July 1985, AmSouth sued Rodgers in the Mobile District Court for the balance owed on Rodgers's debt after the sale of the automobile. AmSouth obtained a default judgment against Rodgers in September 1985. In October 1987, that judgment was set aside and the action reinstated.
On November 12, 1987, Rodgers sued AmSouth in the Mobile Circuit Court, alleging breach of contract, conversion, misrepresentation, and intentional infliction of emotional distress.
On February 18, 1988, Rodgers filed a counterclaim in the district court action, alleging claims identical to those in the circuit court action. Rodgers’s counterclaim relates back to the time the original claim arose. See Rule 13(c), A.R.Civ.P. On March 15, 1988, after judgment was rendered in the district court in favor of AmSouth and against Rodgers on both Am-South’s complaint and all four counts of Rodgers’s counterclaim, Rodgers appealed to the Mobile Circuit Court; that appeal is currently pending before that court. Her subsequent motion to consolidate the two actions into one circuit court action was denied.
Rodgers filed a second motion to consolidate the two actions pending before the circuit court, which was denied. The circuit court then granted AmSouth’s motion for summary judgment in the original circuit court action. Rodgers appeals from both the trial court’s denial of her second motion to consolidate and from the summary judgment entered in favor of AmSouth.
The only issues on appeal are whether the trial court erred in denying Rodgers’s motion to consolidate and whether it erred in entering summary judgment in favor of AmSouth.
Ala.Code 1975, § 6-5-440, provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the penden-cy of the former is a good defense to the latter if commenced at different times. (Code 1907, § 2451; Code 1923, § 5657; Code 1940, T. 7, § 146.)”
One of the most recent decisions by an Alabama appellate court addressing this statute is C & S Construction Co. v. Martin, 420 So.2d 788 (Ala.Civ.App.1982). Therein, it was determined that “[¡jurisdiction was invoked over the cause of action by the filing of the initial complaint in the district court.” 420 So.2d at 789.
By pursuing two simultaneous actions in the courts predicated on the same facts and alleging the same causes of action, Rodgers violated Code § 6-5-440. Therefore, we affirm the summary judgment entered by the circuit court in favor of AmSouth on the second of the two actions.
Because of our holding, we need not address the issue of whether the trial court *875 properly denied Rodgers’s motion to consolidate.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.